1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP  FILED
     A Limited Liability Partnership
2     Including Professional Corporations
    RICHARD J. SIMMONS, Cal. Bar No. 72666  2009 APR -3 P 1: 38
3   MATTHEW M. SONNE, Cal. Bar No. 239110
    rsimmons@sheppardmullin.com       RICHARD W. WIEKING
4   msonne@sheppardmullin.com          CLERK
    650 Town Center Drive, 4th Floor   U.S. DISTRICT COURT
5   Costa Mesa, California 92626-1993  NO. DIST. OF CA. S.J.
    Telephone:  714-513-5100
6   Facsimile:  714-513-5130  E-FILING

7   Attorneys for Defendant
    FRY'S ELECTRONICS, INC.

8                              ADR

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  MANUAL RUBIO, GEORGE            C08    01799
    MENDEZ, MIGUEL GARCIA,
13  WILLIAM GUIDICE, DARLENE        Case No.
    MURILLO, YAJARIA FRIAS AND      [Superior Court Case No. 108CV-
14  RONALD LACAYO, ON BEHALF OF     106994]
    THEMSELVES AND ALL OTHERS
15  SIMILARLY SITUATED

16              Plaintiffs,         NOTICE OF REMOVAL OF
                                    ACTION PURSUANT TO 28 U.S.C.
17       v.                        §§ 1331 and 1441(b) (FEDERAL
                                    QUESTION JURISDICTION)
18  FRY'S ELECTRONICS, INC. AND
    DOES 1 THROUGH 20, inclusive,
19
                Defendants.
20                                  Complaint Filed:  February 28, 2008
                                    Trial Date:               None Set
21

22

23

24

25

26

27

28

                              -1-

W02-WEST:3MMS1\400768603.1                    NOTICE OF REMOVAL OF ACTION

1  TO THE HONORABLE JUDGES OF THE UNITED STATES

2  DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND

3  TO PLAINTIFFS' ATTORNEY OF RECORD:

4

5  Defendant Fry's Electronics, Inc. ("Defendant"), hereby provides notice

6  pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446(a) that Defendant removes the

7  above-captioned case pending in the Superior Court of State of California for the

8  County of Santa Clara (Case No. 108CV-106994).

9

10  Plaintiffs Manual Rubio, George Mendez, Miguel Garcia, William

11  Guidice, Darlene Murillo, Yajaria Frias, and Ronald Lacayo ("Plaintiffs") filed their

12  Complaint against Defendant on February 28, 2008 and served the complaint on

13  Defendant on March 5, 2008. A true and correct copy of the complaint is attached

14  hereto as Exhibit A.[1]  Defendant answered the complaint on April 2, 2008. A true

15  and correct copy of the answer is attached hereto as Exhibit B. Defendant is

16  informed and believes that no other pleadings have been filed in state court.

17

18  This is a civil action over which this Court has original jurisdiction

19  pursuant to 28 U.S.C. §§ 1331 and is one which may be removed to this Court by

20  Defendant pursuant to the provisions of 1441(c) because the Complaint poses at

21  least two federal questions. Pursuant to 28 U.S.C. §1441(c), "whenever a separate

22  and independent claim or cause of action within the jurisdiction conferred by section

23  1331 of this title is joined with one or more otherwise non-removable claims or

24

---

[1]   Defendant contests all of Plaintiffs' charging allegations. The statements made in

25  this Notice of Removal reflect Plaintiffs' allegations that establish federal question
    jurisdiction based on separate and independent claims pursuant to 28 U.S.C.

26  §1441(c). The statements made in this Notice should not be construed as an
    admission by Defendant as to the validity or value of any claims brought by

27  Plaintiffs. Defendant expressly reserves the right to contest the claims and any
    methods used by Plaintiffs to calculate their alleged damages, if any, in this action.

28

1   causes of action, the entire case may be removed and the district court may

2   determine all issues therein. . . ." 28 U.S.C. §1441(c). In other words, an entire

3   action can be removed to federal court when: (1) a separate and independent federal

4   law claim that arises under federal law is asserted, and (2) at least one other claim

5   that is otherwise non-removable is also asserted. Because these requirements are

6   met, this entire action is subject to removal to federal court. The following is a

7   short, plain statement of the grounds for removal.

8

9                    BASES FOR REMOVAL – FEDERAL QUESTION

10          1.      The Complaint alleges in its Third Cause of Action that

11  Defendant violated the Fair Labor Standards Act. (See Complaint, ¶¶ 48-53, pp. 11-

12  12). Accordingly, Plaintiffs' Third Cause of Action is subject to removal under 28

13  U.S.C. § 1441(c) because it arises under federal law, and it is separate and

14  independent from the other claims in the Complaint.

15          2.      The Complaint also alleges in its First Cause of Action that

16  Defendant failed to pay terminated employees for their earned and unused vacation

17  time upon termination of their employment in violation of California Labor Code §

18  227.3. (See Complaint, ¶¶ 37-42, pp. 9-10). This cause of action arises out of and

19  relates to an employee benefit plan established and maintained under the Employee

20  Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § § 1001, et seq.

21  Likewise, Plaintiffs' fifth, sixth, and seventh causes of action are based in part on

22  allegations of unpaid vacation.[2] Such claims are preempted by ERISA.

23

24          Specifically, Defendant established and maintained a Voluntary Employees'

25  Beneficiary Association Trust (the "Plan") for the purpose of providing vacation benefits

26  _____

[2]      Although the Complaint's caption correctly lists the order of Plaintiffs' causes of
27       action, they are mislabeled as the sixth, seventh, and eighth causes of action in the
         body of the Complaint.

28

W02-WEST:3MMS1\400768603.1                                    NOTICE OF REMOVAL OF ACTION

1  within the meaning and governance of ERISA.  Plaintiffs and all putative class members

2  were eligible to participate in the Plan through their employment with Defendant.

3  Vacation benefits were paid pursuant to the funded Plan and through the Plan's trust.

4  ERISA governs the investment, management, administration, and control of the Plan and

5  the assets of the trust.

6

7          Section 514(a) of ERISA provide that, except for state laws regulating

8  insurance, ERISA "shall supersede any and all State laws insofar as they may now or

9  hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).  State law claims that

10  "relate to" an employee benefit plan are completely preempted by ERISA.  Crull v. Gem

11  Ins. Co., 58 F.3d 1386, 1390 (9th Cir. 1995).  A state law claim "relates to" an employee

12  benefit plan "if it has a connection with or reference to such a plan." Shaw v. Delta

13  Airlines, Inc., 463 U.S. 85, 97 (1983).

14

15          Because Plaintiffs' Complaint seeks to recover allegedly unpaid vacation

16  benefits that were provided by Defendant under the terms of the Plan, an "employee

17  welfare benefit plan" as defined in ERISA § 3(1), 29 U.S.C. § 1002(1), the Complaint "has

18  a connection with" and "relates to" an ERISA plan, and the vacation claims are therefore

19  completely preempted by ERISA.

20

21          Plaintiffs' state law claims may be recharacterized as claims arising under

22  ERISA pursuant to the "artful pleading" doctrine.  "A plaintiff may not . . . avoid federal

23  jurisdiction simply by omitting from the complaint federal law essential to his claim, or by

24  casting in state law terms a claim that can be made only under federal law.  Jurisdiction is

25  determined on the basis of the *well-pleaded* complaint.  A complaint that is 'artfully

26  pleaded' to avoid federal jurisdiction may be recharacterized as one arising under federal

27  law." Olguin v. Inspiration Consolidated Copper Co., 740 F.2d 1468, 1472 (9th Cir. 1984)

28  (citations omitted) (italics in original); see also Young v. Anthony's Fish Grottos, Inc., 830

-4-

1  F.2d 993, 997 (9th Cir. 1987) ("district court . . . properly looked beyond the face of the

2  complaint to determine whether the contract claim was in fact a section 301 claim for

3  breach of a collective bargaining agreement 'artfully pleaded' to avoid federal

4  jurisdiction").

5

6         In this case, recharacterization of Plaintiffs' unpaid vacation claim is

7  appropriate because it is "artfully pled" to avoid federal preemption.  29 U.S.C. § 1132; <u>see</u>

8  <u>also</u> <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 66-67 (1987) (common law

9  contract and tort claims for alleged wrongful withholding of insurance benefits under an

10  ERISA-covered plan are preempted); <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 703-704 (9th Cir.

11  1998) (breach of the implied covenant of good faith and fair dealing and civil conspiracy

12  claims predicated on alleged defects in defendant's procedures for processing health care

13  benefits are "completely preempted by ERISA"); <u>Olson v. General Dynamics, Corp.</u>, 960

14  F.2d 1418, 1420-23 (9th Cir. 1991) (fraud claim relating to level of benefits received under

15  an employee benefit plan was preempted by ERISA).

16

17         In sum, Plaintiffs' allegations and claims for relief under the FLSA pose

18  questions of federal law.  Likewise, Plaintiffs' claims for unpaid vacation are preempted by

19  ERISA.  Therefore, the Complaint is removable to this Court pursuant to 28 U.S.C.

20  § 1331.

21

22         <u>THIS NOTICE OF REMOVAL IS PROCEDURALLY CORRECT</u>

23         Defendant has filed this Notice of Removal pursuant to 28 U.S.C.

24  § 1446(b) in a timely fashion (within 30 days of the effectuation of service on

25  Defendant of Plaintiffs' Complaint).  Specifically, Defendant was served with

26  Plaintiff's Complaint on March 5, 2008 and is filing this notice within 30 days of

27  that service.  A copy of this Notice of Removal will also be served on Plaintiffs'

28  counsel and filed with the Superior Court for the County of Santa Clara.  As

-5-

NOTICE OF REMOVAL OF ACTION

1   mentioned, all necessary parties to the action have been properly joined.  Pursuant to

2   28 U.S.C. §§ 1441(a) and (b), this case may be removed to the United States District

3   Court for the Northern District of California.

4

5           Defendant is informed and believes that none of the fictitiously named

6   defendants (designated as Does 1 through 20) have been served with a copy of the

7   Summons and Complaint.  Accordingly, they are not parties to this action and need

8   not consent to removal.  See Fristoe v. Reynolds Metals Co., 615 F. 2d 1209, 1213

9   (9th Cir. 1980).

10

11          WHEREFORE, Defendant removes the original action brought by

12  Plaintiffs, now pending in the Superior Court of the State of California for the

13  County of Santa Clara, to this Court.

14

15  Dated:  April 3, 2008

16                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

17

18                  By _____

19                          RICHARD J. SIMMONS
                            MATTHEW M. SONNE
20                          Attorney for Defendant
                            FRY'S ELECTRONICS, INC.
21

22

23

24

25

26

27

28

02/28/2008  12:23   13239341230                    PETER K. LEVINE                    PAGE  02/19

# ORIGINAL

**PETER K. LEVINE – SBN 113672**
**ALBERT J. GOPIN SBN 65978**
5455 Wilshire Boulevard
Suite 1259
Los Angeles, California 90036
Telephone: (323) 934-1234
FAX: (323) 934-1230
frys.peterlevine@neverbox.com

Attorney for Plaintiffs

FILED  Santa Clara County
02/28/08  12:35PM
Kiri Torre
Chief Executive Officer
By: clarks  DTSCIV010085
R#200800021142
FF
TL              $870.00
                $870.00
Case: 1-08-CV-106994

Clark Sakai

**BY FAX:**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SANTA CLARA

## 108CV-106994

| | |
|---|---|
| MANUEL RUBIO, GEORGE MENDEZ, MIGUEL GARCIA, WILLIAM GUIDICE, DARLENE MURILLO, YAJARIA FRIAS AND RONALD LACAYO, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED | Case No.: |

Plaintiffs,

vs.

FRY'S ELECTRONICS, INC. AND DOES 1 THROUGH 20, inclusive,

Defendants.

**CLASS ACTION**

**COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF**

**DEMAND FOR JURY TRIAL**

1.  Violation of Labor Code 227.3 ("Vacation Pay");
2.  Violation of Labor Code § 1198 ("Overtime");
3.  Violation of the Fair Labor Standards Act;
4.  Violation of Labor Code § 2802 ("Indemnification");
5.  Violation of Labor Code § 226 ("Paystubs");
6.  Violation of Labor Code §§ 201 and 202;
7.  Violation of California Business & Professions Code §§ 17200 *et seq.* ("Unfair Practices Act")

///
///
///

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

- 1 -

Exhibit A
Page 07

Plaintiffs Manuel Rubio ("Rubio"), George Mendez ("Mendez"), Miguel Garcia ("Garcia"), William Guidice ("Guidice"), Yajaria Frias ("Frias"), and Ronald Lacayo ("Lacayo") on behalf of themselves and all others similarly situated complain and allege as follows:

## PRELIMINARY ALLEGATIONS

1.      This is a class action for violation of California wage and hour laws brought by Manuel Rubio, George Mendez, Miguel Garcia, William Guidice, Yajaria Frias and Ronald Lacayo (collectively referred to as "Plaintiffs") for themselves on behalf of similarly situated current and former employees of Defendant Fry's Electronics, Inc. (hereafter "Fry's" or "Defendant") who have been employed by Fry's, in the State of California, at any time between February 22, 2004, and who have been employed anywhere in the United States between February 22, 2004 and the date Notice is mailed to the Class.  During the relevant time period, Plaintiffs and the class in California suffered the loss and forfeiture of vested "vacation" time and were not paid all earned and vested "vacation" pay, worked over forty hours in a week or over eight hours in a day time without receiving the proper pay rate, received pay stubs that were inaccurate, were required to purchase shirts from Fry's bearing a corporate logo and were not indemnified for the expense of the shirts, and Plaintiffs and the class of all Fry's employees who worked throughout the United States for Defendant Fry's who worked in excess of forty hours a week and were not properly paid for the hours worked.

2.      One component of Defendants' paid vacation policy and practice, as the term "vacation" is contemplated in Labor Code § 227.3, requires covered employees to use their "vacation" earned under the policy, or lose it. It also provides, contrary to California law, that if an employee is terminated or quits without using his or her vested vacation the employee does not receive a pro rata share of the vacation earned prior to the separation from employment.  The policy also provides, contrary to public policy and California law, "cliff" vesting of vacation (e.g. that if an employee is not employed on a certain date, he or she does not receive a pro rata share of the vacation earned prior to his or her separation from employment).

3.      Defendants' corporate policies, practices, and/or customs concerning such vacation time violates California Labor Code §§ 203, 226, 227.3, California Business and Professions Code § 17200, et seq., (Unfair Practices Act), and *Suastez v. Plastic Dress Up Co* (1982) 31 Cal. 3d 774

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**
-2-

Exhibit A
Page 08

4.    Defendants' corporate policies, practices and/or customs concerning hours of employment for employees who have the same or similar job titles to the Plaintiffs were required on a weekly basis to work hours for which they were not paid properly. Plaintiffs did not receive any proper overtime compensation for these hours.

5.    These corporate policies practices and/or customs of the Defendant concerning such overtime violate California Labor Code §§ 1198, the applicable Wage Orders of the Industrial Welfare Commission, and California Business and Professions Code §§17200 et seq. and the Fair Labor Standards Act.

6.    This Complaint challenges systemic illegal employment practices resulting in violations of the Fair Labor Standards Act, California Labor Code, and Business and Professions Code by Defendants.

7.    Plaintiffs are informed and believe and based thereon allege Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees regarding vacation policies.

8.    Plaintiffs are informed and believe and based thereon allege Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees regarding overtime and work hours.

9.    Plaintiffs are informed and believes and based thereon alleges, Defendants have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny current and former employees: (a) all earned and vested "vacation" time and wages; and (b) pay for all hours worked.

10.    The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and applicable IWC wage orders.

## JURISDICTION AND VENUE

11.    The Court has jurisdiction over the violations of the California Labor Code, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission.

12.    This Court further has jurisdiction over this Class Action pursuant to California Code of Civil Procedure § 382.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**
- 3-

13.     The Court has jurisdiction over the violation of the Fair Labor Standards Act because the Court is a court of General Jurisdiction.

14.     Venue is proper because Defendant Frys's Electronics has designated its primary place of business in California as San Jose, California.

## PARTIES

15.     Plaintiffs George Mendez, William Guidice, Darlene Murillo, Yajaria Frias, and Ronald Lacayo were employed by Defendants in California within the four year period prior to the filing of this action and each has resided within the State of California at all relevant times. Plaintiffs were victims of the policies, practices and customs of Defendants complained of in this action in ways that have deprived them of their rights guaranteed them by California Labor Code California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 7-2001.

16.     Plaintiff Manuel Rubio is employed by Defendants in California and he resides within the State of California.  Plaintiff was and is a victim of the policies, practices and customs of Defendants complained of in this action in ways that have deprived him of his rights guaranteed by the Fair Labor Standards Act.

17.     Plaintiff Miguel Garcia is employed by Defendant in California and has resided within the State of California at all relevant times.  Plaintiff was and is a victim of the policies, practices and customs of Defendants complained of in this action in ways that have deprived him of his rights pursuant to California Labor Code § 2802 and the California Business and Professions Code sections 17200 et seq. and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 7-2001.

18.     Plaintiffs are informed and believe and based thereon alleges that Defendant Fry's Electronics, Inc. was and is a California corporation doing systematic and continuous business in the State of California including within Santa Clara County, selling goods to the general public.

19.     Plaintiffs are informed and believe, and thereon alleges, that at all times herein mentioned Defendant and DOES 1 through 20, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.  Defendants own and operate establishments throughout California selling retail products to the general public.  As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code,

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**
- 4 -

Exhibit A
Page 10

California Business and Professions Code § 17200, et seq., (Unfair Practices Act), the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 7-2001, and the Fair Labor Standards Act. As used herein the term "Defendants" incorporates all DOE Defendants.

20.    Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 20, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiffs are informed and believe and thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiffs and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

21.    At all times herein mentioned, each of said Defendants participated in the acts hereinafter alleged to have been done by the named Defendant; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

22.    Plaintiffs are informed and believe and based thereon allege that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants authorized, confirmed and ratified said acts, conduct, and omissions of the acting Defendant.

23.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

24.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

25.    At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**
- 5 -

Exhibit A
Page 11

26.   **Class Definition:**  The proposed classes Plaintiffs seek to represent are presently defined as follows:

    a.  <u>VACATION PAY DAMAGES CLASS:</u>  All persons whose employment ceased with Defendants in California between February 7, 2004 through the date Notice is mailed to the class who were forced, as a matter of company policy, to surrender, or forgo vacation days and did not receive compensation for those lost vacation days upon the cessation of the employment relationship.

    b.  <u>CALIFORNIA OVERTIME CLASS:</u>  All current and former employees of Defendants in California who were, as a matter of company policy, required to work hours for which they received inaccurate overtime compensation.

    c.  <u>INDEMNIFICATION CLASS:</u>  All current and former employees of Defendants in California who were, as a matter of company policy, required to purchase shirts with Defendants' logo on them and were not indemnified for the costs of the shirts or for maintenance of the shirts.

    d.  <u>FAIR LABOR STANDARDS ACT OVERTIME CLASS:</u>  All current and former employees of Defendant those in California who have opted-in, and those in every state and United States Territory where the law of the United States are applicable outside of California who were, as a matter of company policy, required to work in excess of forty hours in a week without being paid properly calculated overtime wages for their work.

27.   **Community of Interest:**  There is a well-defined <u>community of interest</u> in the litigation and the proposed class is <u>easily ascertainable</u>.

28.   **Numerosity:**  While the exact number of the class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon alleges that there are over 2000 persons in the class.  The class is so large that joinder of all members would be impractical, if not impossible.  The identity of the members of the class is readily ascertainable by review of Defendants' records.

29.   **Adequacy of Representation:**  Plaintiffs are able to fairly and adequately protect the interests of all members of the class.  Attorneys for Plaintiffs and the potential class are qualified and competent and very experienced in employment litigation.  Plaintiffs do not have interests antagonistic to the remainder of the class.

///

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**
- 6 -

Exhibit A
Page 12

30.    **Common Questions Predominate:** Common questions of law and fact exist as to all class members, and predominate over any questions that affect only individual members of the class. Defendant uniformly administered a corporate policy, practice and/or custom whereby a portion of the "vacation" pay provided to its employees was provided pursuant to a "use it or lose it" written policy, with cliff vesting that precluded accrual of such paid time off as work was performed. Defendant also uniformly required its employees to work "off-the-clock" often times in excess of forty hours a week. Such written policies were and are applied uniformly to a large number of Defendants' California employees and therefore this matter is well suited for class relief. The predominant common legal question is: Was the uniform policy, custom, and practice of defendants lawful.

31.    The common questions of law and fact include, but are not limited to:

a.    Are Defendants' policies, as applied, violative of Labor Code § 227.3?

b.    Are Defendants' policies, as applied, violative of Labor Code § 226.7?

c.    Are Defendants' policies, as applied, violative of the Fair Labor Standards Act?

d.    Are Defendants' policies, as applied, violative of Labor Code § 2802?

e.    Are Defendants' policies, as applied, violative of Labor Code § 1198?

f.    Do Defendants' policies requiring forfeiture of vacation practices render pay statements illegal pursuant to Labor Code 226?

g.    Do Defendants' policies which amount to a failure to properly pay its employees for all time worked render pay statements illegal pursuant to Labor Code 226?

h.    Do Defendants' policies, which fail to indemnify employees for purchasing shirts with the Defendants' logo on them render the pay statements illegal, because purchases of company gear amount to failure to properly pay wages?

i.    Is Defendants' policy and practice an illegal "use it or lose it" vacation program?

j.    Does Defendants' policy, as applied, expose Defendant to liability pursuant to Labor Code 203?

k.    For purposes of Labor Code § 203, does Defendants' application of its time off policy a willful violation of California law?

///

///

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**
- 7 -

Exhibit A
Page 13

1.  For purposes of Labor Code § 203, does Defendants' requirement that its employees pay for shirts with Defendants' logo constitute a willful violation of California law?

m.  Do Defendants commit unfair business practices through the application of the time off policies?

32.    **Typicality:** Plaintiffs' claims are typical of the claims of the class. Plaintiffs and other class members sustained losses, injuries, and damages arising out of Defendants' common policies, programs, practices, protocols, routines, and rules. Plaintiffs were and are employees of Defendants. Plaintiffs and other class members were, per policy, awarded vacation time, which, if they were unused, they forfeited upon the completion of an additional year of employment and was never compensated for at the time employment with Defendants ceased for Plaintiffs Lacayo, Mendez, Frias, Guidice, and Murillo. Plaintiffs Lacayo, Frias, Guidice, Mendez, and Murillo and other Class members also worked time between vacation awards, or between hiring and their first award, prior to their terminations for which they were not credited vacation time. Plaintiffs Lacayo, Guidice, Frias, Mendez and Murillo and the other class members were not paid, upon their separations from employment before their award dates, a pro rata share of such vacation time earned during these periods. Plaintiffs seek recoveries for the same type of losses, injuries, and damages suffered by the other class members.

33.    Plaintiffs Rubio, Mendez, Lacayo, Frias, and Guidice and other class members were not properly paid for all hours worked, including for hours in excess of forty a week. Plaintiff worked in excess of eight hours a day, and in excess of forty hours a week and did not receive overtime at the rate required by California and Federal law.

34.    Plaintiff Garcia and other class members were required to purchase shirts with Defendants' logo on them and were not indemnified for the costs of the shirts.

35.    **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Also, because the losses, injuries, and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done them. The prosecution of separate actions by the individual class members would create a

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**
- 8 -

1  substantial risk of (a) inconsistent or varying adjudications with respect to individual class
2  members against the Defendant and which would establish potentially incompatible standards of
3  conduct for the Defendant, and/or (b) adjudications with respect to individual class members
4  which would, as a practical matter, be dispositive of the interest of the other class members not
5  parties to the adjudications or which would substantially impair or impede the ability of the class
   members to protect their interests.

6         36.   **Public Policy Considerations:** The California Labor Code and Wage Order
7  provisions upon which Plaintiffs base their claims are broadly remedial in nature.  These laws
8  and labor standards serve an important public interest in establishing minimum working
9  conditions and standards in California.  These laws and labor standards protect the average
10 working employee from exploitation by employers who may seek to take advantage of superior
11 economic and bargaining power in setting onerous terms and conditions of employment.  The
   nature of this action and the format of laws available to Plaintiffs and members of the class
12 identified herein make the class action format a particularly efficient and appropriate procedure
13 to redress the wrongs alleged herein.  If each employee was required to file an individual lawsuit,
14 the corporate Defendant would necessarily gain an unconscionable advantage since it would be
15 able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly
   superior financial and legal resources.  Requiring each class member to pursue individual remedy
16 would also discourage the assertion of lawful claims by employees who would be disinclined to
17 file an action against their former and/or current employer for real and justifiable fear of
18 retaliation and permanent damage to their careers at subsequent employment.

19

20                        **FIRST CAUSE OF ACTION**
21         **FOR VIOLATION OF LABOR CODE § 227.3 REGARDING VACATION PAY**
22                        **(AGAINST ALL DEFENDANTS BY**
                   **PLAINTIFFS LACAYO, MENDEZ, FRIAS, AND MURILLO)**
23

24        37.    Plaintiffs Guidice, Mendez, Frias, Lacayo, and Murillo re-allege and incorporate
25 by reference paragraphs 1 through 36 as though fully set forth herein.
26        38.    Defendants' maintain a policy and practice of providing California employees
   paid vacation time as the term "vacation" is contemplated under California law.  Defendants'
27 policies characterize a portion of such vacation time as "personal holidays".
28 ///

           COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
                                          - 9 -

Exhibit A
Page 15

39.    In the event that an employee does not use the vacation time provided prior to the end of a calendar year, or prior to separating from employment, he or she forfeits that vacation time and he or she does not receive pay from Defendants for such forfeited vacation time upon termination of employment. Defendants' failure to pay terminated employees for their earned and unused vacation time upon the termination of their employment, violates Labor Code § 227.3 and *Suastez v. Plastic Dress-Up Co.* (1982) 31 Cal. 3d 774.

40.    Defendants have also failed to pay class members vested vacation wages by failing to pay class members a pro-rata share of all accrued vacation time upon termination from employment. Such conduct violates Labor Code § 227.3 and *Suastez v. Plastic Dress-Up Company* (1982) 31 Cal.3d 774.

41.    Plaintiffs are informed and believe that Defendants' application of the above referenced element of its vacation policy was willful. Defendants intended not to pay Plaintiffs their awarded unused vacation or accrued pro rata shares of vacation despite its obligation, under California law, to do so.

42.    Such a pattern, practice and uniform administration of corporate policy as described herein, is unlawful and creates an entitlement to recovery by Plaintiffs and the class identified herein, in a civil action, of the balance of unpaid vacation wages, including interest thereon, waiting time penalties pursuant to Labor Code 203, reasonable attorney's fees, and costs of litigation.

## SECOND CAUSE OF ACTION

### UNLAWFUL FAILURE TO PAY OVERTIME WAGES

### (AGAINST DEFENDANTS

### BY PLAINTIFFS LACAYO, RUBIO, FRIAS, MENDEZ, AND GUIDICE)

43.    Plaintiffs Mendez, Guidice, Rubio, Lacayo, and Frias re-allege and incorporate by reference paragraphs 1 through 42 as though fully set forth herein.

44.    Pursuant to California law, as set forth in Labor Code 1198, it is unlawful to employ a person for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC. Wage Order NO. 7 applies to the employees and former employees of defendants. Wage Order No. 7 provided at all times relevant hereto, and does provide, that if an employee works more than forty hours per week, and/or over eight hours in a day, that employee is entitled to overtime

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

- 10-

Exhibit A
Page 16

compensation at the rate of one and one half times his or her regular rate for each overtime hour worked. Effective January 1, 2000, the right to overtime pay for work in excess of eight hours in a day and forty hours in a week has also been codified in Labor Code Section 510.

45.    During Plaintiffs' employment by Defendants, and within the applicable statute of limitations, Plaintiffs worked workweeks of over forty hours, and workdays of over eight hours. Despite the hours worked by Plaintiffs, Defendants willfully and in bad faith refused to pay Plaintiffs all overtime compensation they were entitled to be paid. Defendants calculated overtime based on plaintiffs' hourly wages and excluded their commission earnings.

46.    Pursuant to California Labor Code Section 1194, Plaintiffs Lacayo, Frias, Guidice, and Mendez are entitled to recover Plaintiffs' unpaid overtime compensation, an amount generally exceeding the "limited jurisdiction" amount of the Court, plus interest, attorneys' fees, and costs, subject to proof at the time of trial.

47.    WHEREFORE, Plaintiffs Lacayo, Frias, Mendez, and Guidice are entitled to all Plaintiffs' unpaid overtime wages according to proof, interest, attorneys' fees and costs pursuant to Labor Code Section 1194 (a).

## THIRD CAUSE OF ACTION

### FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

### (AGAINST ALL DEFENDANTS BY PLAINTIFF RUBIO)

48.    Plaintiff Rubio re-allege and incorporate by reference paragraphs 1 through 47 as though fully set for herein.

49.    Pursuant to the Fair Labor Standards Act, employees are required to earn one and half times their regular rate for hours worked in excess of forty hours a week. Defendants failed to pay employees who worked in excess of forty hours a week the proper compensation as required by law.

50.    Defendants' unlawful conduct alleged herein occurred in the Course of its employment of Plaintiff Rubio and the Class Members.

///
///
///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
- 11 -

51.     Because Defendants failed and continue to fail to pay its employees overtime in accordance with Federal Law, they are liable to Plaintiff Rubio and the Class Members for the difference between the amounts of money actually paid for overtime and the actual overtime owed.  In addition, Plaintiffs are owed liquidated damages in accordance with the Fair Labor Standards Act.

52.     As a direct and proximate result of Defendants violation of the Fair Labor Standard Act, Plaintiff Rubio and the Class Members have suffered and continue to suffer irreparable harm and monetary damages entitling them to injunctive relief and restitution. Plaintiff Rubio and the Class Members seek damages and all other allowable relief including the difference between the amount actually paid for time worked in excess of forty hours a week and the amount actually owed for time worked in excess of forty hours a week, liquidated damages, attorneys' fees and prejudgment interest.

53.     WHEREFORE, Plaintiff Rubio and the Class Members are entitled to one proper payment of overtime, liquidated damages, prejudgment interest, attorneys' fees and costs of suit.

## FOURTH CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE § 2802 AND APPLICABLE WAGE ORDERS
### (AGAINST ALL DEFENDANTS BY PLAINTIFF GARCIA)

54.     Plaintiff Garcia incorporate all preceding paragraphs as if fully set forth herein.

55.     Defendants' unlawful conduct alleged herein occurred in the course of Defendants' employment of Plaintiff Garcia and the Class Members and such conduct has continued through the filing of this complaint.

56.     Pursuant to Labor Code § 2802, it is illegal to require an employee to purchase, as a part of his employment, a uniform bearing a company logo on it and to require that employees maintain that uniform without being compensated for the maintenance.

57.     As a requirement of their employment, Plaintiff Garcia and the Class Members were required to purchase shirts with Defendants' logo on it, at a cost of over $10.00 per shirt and were then required to maintain that shirt at their own expense.

58.     Because Defendants failed to indemnify their employees for uniforms, Defendants are liable to Plaintiff Garcia and the Class Members for the costs of the logo shirt and the costs associated with maintaining those shirts pursuant to Labor Code Section 2802.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
- 12-

59.    As a direct and proximate result of Defendants violation of Labor Code Section 2802, Plaintiff Garcia and the Class Member and entitled to repayment of the costs of the logo-bearing shirts, and the costs associated with maintaining those shirts.  Plaintiff Garcia and the Class Members have suffered irreparable harm and monetary damages entitled Plaintiff Garcia and Class Members to both injunctive relief and restitution.

60.    Plaintiff Garcia and the Class Members seek damages and all other relief allowable including premium pay for each work shift longer than four hours during which each employee was not provided a full ten minute uninterrupted rest period, attorneys' fees and costs, and prejudgment interest.

61.    WHEREFORE, Plaintiff Garcia and the Class Members are entitled to repayment of costs associated with their logo-bearing shirts, attorneys' fees, prejudgment interest, and costs of suit.

## SIXTH CAUSE OF ACTION

## FOR VIOLATION OF LABOR CODE § 226

### (AGAINST ALL DEFENDANTS BY PLAINTIFFS LACAYO GUIDICE, RUBIO, MURILLO, FRIAS, GARCIA AND MENDEZ)

62.    Plaintiffs Rubio, Garcia, Mendez, Murillo, Lacayo, Frias, and Guidice incorporate all preceding paragraphs as if fully set forth herein.

63.    California Labor Code Section 226(a) requires employers to semi-monthly or at the time payment of wages is made to furnish each employee a statement itemizing, *inter alia*, the gross wages earned by the employee.  Labor Code Section 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, *inter alia*, the total gross wages, vacation time, and overtime pay earned by the employee, then the employee is entitled to recover the greater of all actual damages of fifty dollars for the initial violation and one hundred dollars for each subsequent violation, up to a total of four-thousand dollars.

64.    Plaintiffs Rubio, Garcia, Mendez, Murillo, Lacayo, Frias, and Guidice are informed and believe, and thereon allege, that at all relevant times Defendants intentionally failed to furnish Plaintiffs Rubio, Garcia, Mendez, Murillo, Lacayo, Frias, and Guidice and the Class members with timely and accurate wage statements showing the gross wages, earned vacation time, and premium pay earned by Plaintiffs Rubio, Garcia, Mendez, Murillo, Lacayo,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
- 13-

Exhibit A
Page 19

1   Frias, and Guidice and the Class Members, as required by the Labor Code by leaving premium

2   wages payable by virtue of the failure to account for, unpaid overtime, and unaccounted for

3   vacation pay.

4       65.    WHEREFORE, Defendants are liable to Plaintiffs Rubio, Garcia, Mendez,

5   Murillo, Lacayo, Frias, and Guidice and other Class Members for the amounts provided by

    Labor Code Section 226 (b).

6

7                          **SEVENTH CAUSE OF ACTION**

8       **FOR UNLAWFUL FAILURE TO PAY ALL WAGES DUE AT TIME**

9                   **OF SEPARATION FROM EMPLOYMENT**

10               **(AGAINST ALL DEFENDANTS BY PLAINTIFFS)**

11

12      66.    Plaintiffs Mendez, Murillo, Lacayo, Frias, and Guidice incorporate all preceding

    paragraphs as if fully set forth herein.

13      67.    California Labor Code Sections 201 and 202 provide for the timely payment of all

14  owed money upon the cessation of the employment relationship.

15      68.    Upon the cessation of the employment relationship, Defendants willfully failed to

16  pay former employees all wages owed them in the time required by law.

17      69.    Because Plaintiffs Mendez, Murillo, Lacayo, Frias, and Guidice and all former

18  employees of Defendants in the State of California did not receive their final paycheck of all

    wages owed them as required by California law, Defendants have violated Labor Code Sections

19  201 and 202.

20      70.    As a direct and proximate result of Defendants willful violation of Labor Code

21  Sections 201 and 202, Plaintiffs Mendez, Murillo, Lacayo, Frias, and Guidice and the Class

22  Members have suffered irreparable harm and monetary damages entitled to Plaintiffs Mendez,

    Murillo, Lacayo, Frias, and Guidice and the Class Members and injunctive relief and restitution.

23  Plaintiffs Mendez, Murillo, Lacayo, Frias, and Guidice and the Class Members seek damages

24  and all other relief allowable including waiting time penalties for each day up to thirty days

25  because Defendant willfully failed to pay Plaintiffs Mendez, Murillo, Lacayo, Frias, and Guidice

26  and the Class members also seek attorneys' fees, costs of suit, and prejudgment interest.

27      71.    WHEREFORE, Plaintiffs Mendez, Murillo, Lacayo, Frias, and Guidice and the

    Class Members are entitled to one day of additional pay up to thirty days of pay as a penalty,

28  prejudgment interest, attorneys' fees, and costs of suit.

    **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**
                                    - 14 -

Exhibit A
Page 20

**EIGHTH CAUSE OF ACTION**

**For Violation of Business and Professions Code § 17200 et seq.**

**(AGAINST ALL DEFENDANTS BY PLAINTIFFS RUBIO, LACAYO, FRIAS, MURILLO, GUIDICE, MENDEZ, AND GARCIA)**

72.    Plaintiffs Rubio, Guidice, Mendez, Lacayo, Frias, Lacayo, and Garcia incorporate all preceding paragraphs as if fully set forth herein.

73.    The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

74.    Plaintiffs Rubio, Guidice, Mendez, Lacayo, Frias, Lacayo, and Garcia are informed and believe and on that basis alleges that at all times herein mentioned Defendant has engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth hereinabove, thereby depriving Plaintiff and other members of the class/general public the minimum working condition standards and conditions due to them under the California law.

75.    Defendants, and each of them, have engaged in and continue to engage in unfair business practices in California by practicing, employing and utilizing the unlawful, and unfair employment practices outlined above that violate Labor Code § 227.3 relating to vacation wages, violate Labor Code § 1802, the Fair Labor Standards Act, Labor Code 1198, Labor Code 226, and Labor Code §§ 201 and 202.

76.    Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

77.    Plaintiffs Rubio, Guidice, Mendez, Lacayo, Frias, Lacayo, and Garcia seek, on their own behalf, on behalf of other members of the class similarly situated, and on behalf of the general public, full restitution of monies, as necessary and according to proof, to restore any and all unpaid vacation monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

78.    Plaintiffs Rubio, Guidice, Mendez, Lacayo, Frias, Lacayo, and Garcia seek, on their own behalf, on behalf of other members of the class similarly situated, and on behalf of the general public, an injunction to prohibit Defendant from continuing to engage in the unfair business practices complained of herein.

///

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
- 15-

Exhibit A
Page 21

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment for themselves and all others on whose behalf this suit is brought against Defendant, jointly and severally, as follows:

### CLASS CERTIFICATION

1. That this action be certified as a class action;
2. That Plaintiffs Mendez, Murillo, Lacayo, Frias, and Guidice be appointed as the representatives of the classes they each seek to represent;
3. That Plaintiff Rubio be appointed as the class representative of the Federal Fair Labor Standards Act Class and the other classes he seeks to represent;
4. That Plaintiff Garcia be appointed as the class representative as the class representative of the Indemnification Class and the other classes he seeks to represent:
5. That Counsel for Plaintiffs be appointed as class counsel;

### ON THE FIRST CAUSE OF ACTION

6. For all vested vacation wages earned;
7. For waiting time penalties pursuant to Labor Code § 203;
8. For interest;
9. For attorneys fees and costs;

### ON THE SECOND CAUSE OF ACTION

10. For the difference between the earned overtime wages and the paid overtime wages, earned for hours worked in excess of eight in a day or forty in a week
11. For Statutory Waiting Time Penalties up to 30 days;
12. For interest;
13. For attorneys' fees and costs;

///
///
///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
- 16-

Exhibit A
Page 22

### ON THE THIRD CAUSE OF ACTION

14. For all unpaid overtime wages earned for hours worked in excess of forty in a week;

15. For liquidated damages

16. For Statutory Waiting Time Penalties up to 30 days;

17. For interest;

18. For attorneys' fees and costs;

### ON THE FOURTH CAUSE OF ACTION

19. For indemnification of costs associated with the purchasing of Defendants' shirts with the Defendants; logo on them;

20. For indemnification of costs associated with maintaining the uniform shirts

21. For Statutory Waiting Time Penalties up to 30 days;

22. For interest;

23. For attorneys' fees and costs of suit;

### ON THE FIFTH CAUSE OF ACTION

24. For damages and/or penalties for violation of Labor Code Section 226;

25. For attorneys fees and costs;

### ON THE SIXTH CAUSE OF ACTION

26. For payment of Waiting Time Penalties up to 30 days;

27. For costs;

28. For attorneys' fees;

### ON THE SEVENTH CAUSE OF ACTION

29. For restitution to the class of wages owed;

30. For costs;

31. For injunctive relief as set forth above;

32.   For attorney's fees.

///

///

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
- 17-

## ON ALL CAUSES OF ACTION

33. For costs of suit;

34. For attorneys' fees; and

35. For such other relief that the Court deems just and proper.

Dated: February 27, 2008                    LAW OFFICES OF PETER K. LEVINE

By: _____
                                            PETER K. LEVINE
                                            Attorneys for Plaintiffs and the class

## DEMAND FOR A JURY TRIAL

By way of this pleading, Plaintiffs hereby give notice of a demand for jury trial in this matter.

Dated: February 27, 2008                    LAW OFFICES OF PETER K. LEVINE

By: _____
                                            PETER K. LEVINE
                                            Attorneys for Plaintiffs and the class

G:\New\1520\Pleadings\Complaint101.doc

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
   RICHARD J. SIMMONS, Cal. Bar No. 72666
3  MATTHEW M. SONNE, Cal. Bar No. 239110
   650 Town Center Drive, 4th Floor
4  Costa Mesa, California  92626-1993
   Telephone:    714-513-5100
5  Facsimile:    714-513-5130

6  Attorneys for Defendant
   FRY'S ELECTRONICS, INC.

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF SANTA CLARA

10

11  MANUAL RUBIO, GEORGE MENDEZ,          Case No. 108CV-106994
    MIGUEL GARCIA, WILLIAM
12  GUIDICE, DARLENE MURILLO,
    YAJARIA FRIAS AND RONALD
13  LACAYO, ON BEHALF OF                  **DEFENDANT FRY'S ELECTRONICS,**
    THEMSELVES AND ALL OTHERS             **INC.'S ANSWER TO COMPLAINT**
14  SIMILARLY SITUATED

15              Plaintiffs,

16         v.
                                         Complaint Filed:  February 28, 2008
17  FRY'S ELECTRONICS, INC. AND          Trial Date:  None Set
    DOES 1 THROUGH 20, inclusive,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

-1-

W02-WEST:3MMS1\400770916.1                    FRY'S ELECTRONICS, INC.'S ANSWER TO

1    Defendant Fry's Electronics, Inc. ("Defendant"), on behalf of itself and no other

2  defendant, answers the unverified Complaint on file in this action as follows:

3    Pursuant to the provisions of California Code of Civil Procedure, § 431.30,

4  Defendant denies generally the allegations of Plaintiffs' Complaint, and further denies that

5  Plaintiffs have been damaged in any amount, or at all.

6

7    **AFFIRMATIVE DEFENSES**

8    FIRST AFFIRMATIVE DEFENSE

9    (Exemption)

10    1.    To the extent that Plaintiffs and any putative class members were classified

11  as exempt, they were properly classified pursuant to: (1) Section 13 of the Fair Labor

12  Standards Act, ("FLSA") 29 U.S.C. § 213, and the federal regulations interpreting the

13  same, as well as (2) the California Labor Code, the state regulations interpreting the same,

14  and the applicable California Wage Orders.

15

16    SECOND AFFIRMATIVE DEFENSE

17    (Inapplicability of Overtime Requirements)

18    2.    The overtime requirements in the FLSA, California Labor Code, California

19  Wage Orders, and any other applicable statutes of any state do not apply to Plaintiffs

20  because Plaintiffs fall within exemptions and exclusions specified therein.

21

22    THIRD AFFIRMATIVE DEFENSE

23    (Defense To Liquidated Damages)

24    3.    Defendant denies that it violated the FLSA. Notwithstanding its denial,

25  Defendant is informed and believes and upon that basis alleges, that any such actions on its

26  part, if any, were done in good faith and based upon reasonable grounds and that any such

27  actions were not in violation of the FLSA. Therefore, if judgment is rendered against

28  Defendant, Plaintiffs are not entitled to liquidated damages or are entitled only to a

-2-

1 | reduced liquidated damages pursuant to the FLSA.

2

3

### FOURTH AFFIRMATIVE DEFENSE

4

#### (Lack of Standing)

5    4.    Defendant is informed and believes and, based thereon, alleges that Plaintiffs

6 lack standing to assert the Complaint or any purported claim for relief alleged therein on

7 behalf of themselves and others.

8

9

### FIFTH AFFIRMATIVE DEFENSE

10

#### (Legitimate Business Purpose)

11    5.    Defendant alleges that it cannot be liable for any alleged violation of

12 California Business and Professions Code section 17200, *et seq.*, because its actions,

13 conduct, and dealings with its employees were lawful, and were carried out in good faith

14 for legitimate business purposes.

15

16

### SIXTH AFFIRMATIVE DEFENSE

17

#### (ERISA Preemption)

18    6.    Plaintiffs' claims for loss of vacation benefits are preempted by the

19 Employee Retirement Income Security Act of 1974.

20

21

### SEVENTH AFFIRMATIVE DEFENSE

22

#### (Failure to Arbitrate)

23    7.    This Court has no jurisdiction over the subject matter of the Complaint, nor

24 over the subject matter of any of the purported causes of action alleged therein because the

25 controversies alleged in the Complaint and each cause of action therein are subject to a

26 written agreement to arbitrate.

27

28

FRY'S ELECTRONICS, INC.'S ANSWER TO
COMPLAINT

**Exhibit B**
**Page 27**

1  ## EIGHTH AFFIRMATIVE DEFENSE

2  (Failure to State a Cause of Action)

3  8.   Neither the Complaint, nor any purported cause of action alleged therein,

4  states facts sufficient to constitute a cause of action against Defendant.

5

6  ## NINTH AFFIRMATIVE DEFENSE

7  (Failure to Exhaust Administrative Remedies)

8  9.   The Complaint, and each purported cause of action alleged therein is barred,

9  in whole or in part, because Plaintiffs failed to exhaust available administrative remedies.

10

11 ## TENTH AFFIRMATIVE DEFENSE

12 (Performance of Duties)

13 10.   Defendant has fully performed any and all statutory and other duties owed to

14 Plaintiffs, and Plaintiffs are therefore estopped to assert any claim for relief against

15 Defendant.

16

17 ## ELEVENTH AFFIRMATIVE DEFENSE

18 (Estoppel)

19 11.   Plaintiffs are estopped by their conduct from asserting the causes of action

20 contained in their Complaint.

21

22 ## TWELFTH AFFIRMATIVE DEFENSE

23 (Consent)

24 12.   The alleged causes of action are barred, in whole or in part, because of

25 Plaintiffs' ratification, agreement, acquiescence or consent to Defendant's alleged conduct.

26

27

28

-4-

**Exhibit B**
**Page 28**

THIRTEENTH AFFIRMATIVE DEFENSE

(Mitigation of Damages)

13.    Plaintiffs have failed to mitigate damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiffs should be reduced or barred accordingly.

FOURTEENTH AFFIRMATIVE DEFENSE

(Lack of Specificity)

14.    Plaintiffs' cause of action for unfair business practices in violation of California Business and Professions Code section 17200, *et seq.*, is barred because it fails to plead specific facts capable of stating a claim for unfair business practices.

FIFTEENTH AFFIRMATIVE DEFENSE

(Safe Harbor)

15.    Plaintiffs' claim based upon California Business and Professions Code section 17200, *et seq.*, is barred because the conduct alleged falls within a safe harbor.

SIXTEENTH AFFIRMATIVE DEFENSE

(Lack of Actual Injury)

16.    Each and every cause of action in Plaintiffs' Complaint is barred, in part or in whole, because Plaintiffs and the putative class members did not suffer actual injury.

SEVENTEENTH AFFIRMATIVE DEFENSE

(No Availability of Damages)

17.    Pursuant to California Business & Professions Code section 17200, *et seq.*, Plaintiffs are not entitled to an award of damages.

-5-

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

18.     Each and every cause of action in Plaintiffs' Complaint is barred, in part or in whole, by applicable statutes of limitations, including California Civil Procedure Code sections 335.1, 337, 338, 339, 340(a), California Business & Professions Code section 17208 and any other statutes that may be found to apply.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault/Bad Faith)

19.     Plaintiffs and other persons and entities other than Defendant have acted in bad faith with respect to the matters alleged in the Complaint and are otherwise at fault. By reason of Plaintiffs' bad faith and comparative fault, Plaintiffs' right of recovery from Defendant, if any, should be reduced by that amount which the negligence, bad faith and fault of persons and entities other than Defendant, including Plaintiffs, contributed to any damages.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unclean Hands)

20.     By virtue of Plaintiffs' conduct, they have unclean hands and are thereby barred from any relief in this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Waiver)

21.     Plaintiffs' Complaint and each cause of action therein is barred by the doctrine of waiver.

-6-

W02-WEST:3MMS1\400770916.1

FRY'S ELECTRONICS, INC.'S ANSWER TO

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Laches)

22.    Any recovery by Plaintiffs is barred, in whole or in part, by the equitable doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Privilege)

23.    Plaintiffs' Complaint, and each and every cause of action asserted therein, is barred for the reason that each and every act of Defendant was a good faith exercise of Defendant's rights and, therefore, was privileged under the law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

24.    Plaintiffs' purported causes of action fail to state facts sufficient to entitle Plaintiffs to an award of attorneys' fees in any amount.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Defendant Entitled to Attorneys' Fees)

25.    Defendant is entitled to an award of attorneys' fees if it is the prevailing party in this civil action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Setoff, Offset, Recoupment)

26.    Some or all of the purported causes of action in the Complaint are subject to setoff, offset and/or recoupment.

W02-WEST:3MMS1\400770916.1

FRY'S ELECTRONICS, INC.'S ANSWER TO
COMPLAINT

Exhibit B
Page 31

1    <u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

2    (California Code of Civil Procedure Section 382)

3    27.    The Complaint does not state facts sufficient to certify a class pursuant to

4    California Code of Civil Procedure section 382, and this action is not properly brought as a

5    class action.

6

7    <u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

8    (Improper Class Representatives)

9    28.    Defendant is informed and believes that the named Plaintiffs are not proper

10   representatives of the class that Plaintiffs purport to represent and, accordingly, this action

11   is not properly brought as a class action.

12

13   <u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u>

14   (No Damages)

15   29.    Plaintiffs have not suffered any damages as a result of any actions taken by

16   Defendant or its agents and Plaintiffs are therefore barred from asserting any cause of

17   action against Defendant.

18

19   <u>THIRTIETH AFFIRMATIVE DEFENSE</u>

20   (No Proper Representative Claims)

21   30.    None of the causes of action alleged in the Complaint are appropriate for

22   resolution on a representative basis.

23

24   <u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u>

25   (Speculative Damages)

26   31.    Plaintiffs cannot recover any of the damages alleged in the Complaint

27   because such damages, if any, are too speculative to be recoverable at law.

28

-8-

W02-WEST:3MMS1\400770916.1                                    FRY'S ELECTRONICS, INC.'S ANSWER TO

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Equitable Relief)

32.    Plaintiffs' demand for equitable and injunctive remedies is barred, in whole or in part, as monetary damages would provide an adequate remedy for any harm allegedly suffered by Plaintiffs.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Civil Penalties Unconstitutional – Due Process)

33.    The penalties sought in Plaintiffs' Complaint violate the Due Process Clauses of the United States and California Constitutions.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Taking)

34.    Defendant is informed and believes and based upon such information and belief alleges that any award of restitution and/or disgorgement against Defendant pursuant to Business and Professions Code section 17200, *et seq.*, would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment of the United States Constitution) and Article I, Section 19 of the California Constitution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Predicate Violation Of Law)

35.    Plaintiffs cannot establish a predicate violation of law by Defendant sufficient to maintain a cause of action pursuant to California Business and Professions Code section 17200, *et seq.* Further, Plaintiffs' claims for Violation of Business and Professions Code section 17200, *et seq.*, are barred to the extent they are based upon the purported violation of a statute or regulation that is of purely regulatory import, or

1  otherwise does not define "unlawful" conduct.

2

3              THIRTY-SIXTH AFFIRMATIVE DEFENSE

4                  (Improper Delegation of Powers)

5        36.    To the extent that Plaintiffs purport to seek relief pursuant to California

6  Business and Professions Code section 17200, *et seq.*, on behalf of members of the general

7  public, Defendant is informed and believes and based upon such information and belief

8  allege that the Complaint seeks the application of the law of California in a manner that

9  would improperly delegate the executive branch's prosecutorial power to private parties, in

10  contravention of the separation of powers doctrine set forth in Article III, Section 3 of the

11  California Constitution, and would violate the provisions of Article V of the California

12  Constitution vesting the State's executive power in the executive branch, by authorizing

13  private plaintiffs to purport to bring suit on behalf of the interests of the general public.

14

15             THIRTY-SEVENTH AFFIRMATIVE DEFENSE

16                  (Improper Expansion of Judicial Powers)

17        37.    Defendant is informed and believes and based on such information and belief

18  allege that the Complaint seeks to apply California Business and Professions Code

19  section 17200, *et seq.*, in a manner that would impermissibly enlarge the powers of the

20  judiciary, in contravention of the Due Process Clause of Article 1, Section 7 of the

21  California Constitution, the separation of powers doctrine and the provisions of Article VI

22  of the California Constitution vesting the State's judicial power in the judicial branch, and

23  by purporting to expand the Court's jurisdiction to include the power to order a defendant

24  to pay restitution for injuries allegedly suffered by non-parties.

25

26

27

28

W02-WEST:3MMS1\400770916.1                               FRY'S ELECTRONICS, INC.'S ANSWER TO

1

2 ## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

3 (Excessive Fines Clause of the United States and California Constitutions)

4     38.    Defendant is informed and believes, and based upon such information and

5 belief alleges, that any award of damages, penalties, restitution and/or disgorgement

6 against Defendant pursuant to California Business and Professions Code section 17200, *et*

7 *seq.*, would violate the Excessive Fines Clauses of the Eighth Amendment (as incorporated

8 by the Due Process Clause of the Fourteenth Amendment to the United States

9 Constitution) and Article I, Section 17 of the California Constitution.

10

11 ## THIRTY-NINTH AFFIRMATIVE DEFENSE

12 (Putative Members Not Similarly Situated)

13     39.    Plaintiffs cannot maintain a representative or class action because they are

14 not similarly situated with the putative class members.

15

16 ## FORTIETH AFFIRMATIVE DEFENSE

17 (Failure to Pay Not Willful)

18     40.    Assuming arguendo that Defendant failed to pay Plaintiffs or putative class

19 members all wages, Defendant cannot be held liable because the failure to pay was not

20 willful.

21

22 ## FORTY-FIRST AFFIRMATIVE DEFENSE

23 (No Waiting Time Penalties – Good Faith Dispute)

24     41.    Plaintiffs cannot recover waiting time penalties because any alleged failure

25 to pay wages was based on a good faith dispute regarding the applicable law or facts.

26

27

28

-11-

FRY'S ELECTRONICS, INC.'S ANSWER TO

FORTY-SECOND AFFIRMATIVE DEFENSE

(Primary Jurisdiction Doctrine)

42.    The Complaint, and each purported cause of action alleged therein, should be abated in the Court's discretion, and Plaintiffs should be forced to pursue their administrative remedies with the California Division of Labor Standards Enforcement, which has primary jurisdiction over Plaintiffs' claims.

FORTY-THIRD AFFIRMATIVE DEFENSE

(Excuse)

43.    Any performance required of Defendant was excused by virtue of Plaintiffs' and putative class members' prior conduct.

FORTY-FOURTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

44.    In the event that Defendant discovers any after-acquired evidence, Plaintiffs' claims against Defendant and/or the relief sought by Plaintiffs against Defendant would be barred by the doctrine of after-acquired evidence.

FORTY-FIFTH AFFIRMATIVE DEFENSE

(Res Judicata, Bar and Merger, Settlement/Release)

45.    The causes of action set forth in the Complaint and in each of the purported causes of action alleged therein were previously litigated and are subject to a court/arbitrator-approved settlement agreement.  The settlement obtained by Defendant in prior proceedings constitutes a complete or partial bar to the present action.

-12-

W02-WEST:3MMS1\400770916.1

FRY'S ELECTRONICS, INC.'S ANSWER TO

1

FORTY-SIXTH AFFIRMATIVE DEFENSE

2

(Accord and Satisfaction)

3

4     46.     The causes of action set forth in the Complaint and in each of the purported

5    causes of action alleged therein are barred by the doctrines of accord and satisfaction.

6

7

FORTY-SEVENTH AFFIRMATIVE DEFENSE

8

(Reservation of Right to Amend Answer)

9     47.     Defendant hereby gives notice that it intends to rely on such other and

10   further affirmative defenses as may become available during discovery in this action and

11   reserves the right to amend this answer to assert any such defense.

12

13        WHEREFORE, Defendant prays as follows:

14

15     1.     That Plaintiffs take nothing by their Complaint and that judgment be entered

16   in favor of Defendant;

17

18     2.     That Defendant recovers its attorneys' fees and costs incurred in defending

19   this action; and

20

21

22

23

24

25

26

27

28

W02-WEST:3MMS1:400770916.1          FRY'S ELECTRONICS, INC.'S ANSWER TO
                                                    COMPLAINT

1    3.    For such other and further relief as the Court deems proper.

2

3    Dated:  April 2, 2008

4                                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6                          By    _____

7                                        RICHARD J. SIMMONS
                                         MATTHEW M. SONNE
8                                        Attorney for Defendant
                                         FRY'S ELECTRONICS, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

FRY'S ELECTRONICS, INC.'S ANSWER TO
                                                                        COMPLAINT

1   Case Name:   Manuel Rubio et al. v. Fry's Electronics, Inc.
2   Case No.:    Santa Clara County Superior Court Case No. 108CV-106994

3

4                   **PROOF OF SERVICE BY MAIL – CCP §§ 1013 (a)**                M. Rosales

5           I, the undersigned, declare and state that I am over 18 years of age, employed in the City

6   of San Jose, County of Santa Clara, California, and not a party to this action.  My business

7   address is 600 E. Brokaw Road, San Jose, CA 95112.  I am readily familiar with my

8   employer's business practice for collection and processing of correspondence for mailing with

9   the United States Postal Service.

10          On April 2, 2008, following ordinary business practice, I served **DEFENDANT FRY'S**

11  **ELECTRONICS, INC.'S ANSWER TO COMPLAINT** on parties in said cause by placing,

12  on that date at my place of business, a true copy thereof enclosed in a sealed envelope for

13  collection and mailing with the United States Postal Service where it would be deposited with

14  the United States Postal Service that same day in the ordinary course of business, addressed as

15  follows:

16  **Peter K. Levine, Esq.**
    **Law Offices of Peter K. Levine**
17  **5455 Wilshire Blvd Suite 1250**
18  **Los Angeles, CA 90036**

19

20          I declare under penalty of perjury under the laws of the State of California that the
    forgoing is true and correct.
21

22  <u>DATED:   APRIL 2, 2008</u>
23                                                      _____
24                                                      **Charlotte Nguyen**
25

26

27

28

        PROOF OF SERVICE BY MAIL – DEFENDANT FRY'S ELECTRONICS, INC.'S ANSWER TO
                                        COMPLAINT

Case Name:   Manuel Rubio et al. v. Fry's Electronics, Inc.
Case No.:     United States District Court- Northern District of California
                    Case No.:

     I, the undersigned, declare and state that I am over 18 years of age, employed in the City of San Jose, County of Santa Clara, California, and not a party to this action. My business address is 600 E. Brokaw Road, San Jose, CA 95112. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.

     On April 3, 2008, following ordinary business practice, I served **NOTICE OF REMOVAL OF ACTION PUSUANT TO 28 U.S.C. §§1331 AND 1441(b) (FEDERAL QUESTION JURISDICTION)** on parties in said cause by placing, on that date at my place of business, a true copy thereof enclosed in a sealed envelope for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business, addressed as follows:

**Peter K. Levine, Esq.**
**Law Offices of Peter K. Levine**
**5455 Wilshire Blvd Suite 1250**
**Los Angeles, CA 90036**

     I declare I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**DATED:**  APRIL 3, 2008

**Charlotte Nguyen**

- 40 -

**PROOF OF SERVICE BY MAIL – NOTICE OF REMOVAL OF ACTION PUSUANT TO 28 U.S.C. §§1331 AND 1441(b) (FEDERAL QUESTION JURISDICTION)**

JS 44 (Rev. 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
MANUAL RUBIO, GEORGE MENDEZ, MIGUEL GARCIA, WILLIAM GUIDICE, DARLENE MURRILLO, YAJARIA FRIAS and RONALD LACAYO, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED

**DEFENDANTS** FRY'S ELECTRONICS, INC. AND DOES 1 THROUGH 20, inclusive,

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Santa Clara
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

C08 01799

(c) Attorney's (Firm Name, Address, and Telephone Number)
Peter K. Levine, Cal Bar. No. 113672
5455 Wilshire Boulevard, Suite 1259
Los Angeles, CA 90036 323-934-1234

Richard J. Simmons, Cal Bar No. 72666      714-513-5100
Matthew M. Sonne, Cal Bar No. 239110
Sheppard, Mullin, Richter & Hampton, LLP
650 Town Center Drive, 4th Floor, Costa Mesa, CA 92626

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State. | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [X] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §§ 201 et seq.

Brief description of cause:
Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23      DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[ ] SAN FRANCISCO/OAKLAND      [X] SAN JOSE

DATE      April 3, 2008      SIGNATURE OF ATTORNEY OF RECORD

American LegalNet, Inc.
www.FormsWorkflow.com