1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2    Including Professional Corporations
   RICHARD J. SIMMONS, Cal. Bar No. 72666
3  MATTHEW M. SONNE, Cal. Bar No. 239110
   rsimmons@sheppardmullin.com
4  msonne@sheppardmullin.com
   650 Town Center Drive, 4th Floor
5  Costa Mesa, California 92626-1993
   Telephone:  714-513-5100
6  Facsimile:  714-513-5130

7  Attorneys for Defendant
   FRY'S ELECTRONICS, INC.

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 MANUAL RUBIO, GEORGE MENDEZ, MIGUEL GARCIA, 13 WILLIAM GUIDICE, DARLENE MURILLO, YAJARIA FRIAS AND 14 RONALD LACAYO, ON BEHALF OF THEMSELVES AND ALL OTHERS 15 SIMILARLY SITUATED | Case No. C 08-01799 RS (ADR) [Superior Court Case No. 108CV-106994] |
| 16            Plaintiffs, | **DEFENDANT FRY'S ELECTRONICS, INC.'S CERTIFICATE OF SERVICE** |
| 17     v. | |
| 18 FRY'S ELECTRONICS, INC. AND DOES 1 THROUGH 20, inclusive, | |
| 19            Defendants. | Complaint Filed:  February 28, 2008 Trial Date:            None Set |
| 20 | |

21

22

23

24

25

26

27

28

1

2

**CERTIFICATE OF SERVICE**

3    I, Patricia A. McGraw, certify and declare as follows:

4    I am over the age of 18 years and not a party to this action.

5    My business address is 650 Town Center Drive, 4th Floor, Costa Mesa,

6 California 92626, which is located in the city, county and state where the service

7 described below took place.

8    On April 3, 2008, I deposited in the U.S. mail at Costa Mesa,

9 California, a copy of the following:

10    1.    Notice To Plaintiffs Of Removal Of Action To United States

11 District Court, filed by Defendant Fry's Electronics, Inc. dated April 3, 2008, a true

12 and correct copy of which is attached to this Certificate as Exhibit 1.

13    2.    Order Setting Initial Case Management Conference and ADR

14 Deadlines, a true and correct copy of which is attached to this Certificate as Exhibit

15 2.

16    3.    United State District Court - Northern District of California

17 Guidelines, a true and correct copy of which is attached to this Certificate as Exhibit

18 3.

19    I sent the above-described documents to counsel of record for Plaintiffs

20 as follows:

21 Peter K. Levine, Esq
Law Offices of Peter K. Levine
22 5455 Wilshire Boulevard, Suite 1250
Los Angeles, CA 90036
23 Tel: (323) 934-1234
Fax: (323) 934-1230

24

25

26

27

28

-2-

1    I declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is true and correct and that I am employed in the office

3    of a member of the bar of this Court at whose direction the service was made.

4

5    Executed on April 3, 2008 at Costa Mesa, California.

6

7                                    _Patricia A. McGraw_

8                                    Patricia A. McGraw

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:3MMS1\400778920.1                    CERTIFICATE OF SERVICE - C 08-01799 RS (ADR)

# EXHIBIT 1
# 1 of 2

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2     Including Professional Corporations
  RICHARD J. SIMMONS, Cal. Bar No. 72666
3   MATTHEW M. SONNE, Cal. Bar No. 239110
  650 Town Center Drive, 4th Floor
4   Costa Mesa, California 92626-1993
  Telephone:  714-513-5100
5   Facsimile:  714-513-5130

**(ENDORSED)**
**FILED**

APR 0 3 2008

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ G. Duarte
                        DEPUTY

6   Attorneys for Defendant
7   FRY'S ELECTRONICS, INC.

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF SANTA CLARA

10

11   MANUAL RUBIO, GEORGE MENDEZ,       Case No. 108CV-106994
  MIGUEL GARCIA, WILLIAM
12   GUIDICE, DARLENE MURILLO,
  YAJARIA FRIAS AND RONALD
13   LACAYO, ON BEHALF OF             **NOTICE TO PLAINTIFFS OF**
  THEMSELVES AND ALL OTHERS       **REMOVAL OF ACTION TO UNITED**
14   SIMILARLY SITUATED                 **STATES DISTRICT COURT**

15                Plaintiffs,

16       v.

17   FRY'S ELECTRONICS, INC. AND       Complaint Filed: February 28, 2008
  DOES 1 THROUGH 20, inclusive,       Trial Date: None Set
18

19              Defendants.

20

21

22

23

24

25

26

27

28

W02-WEST:IMMS1:400768408.1                     NOTICE TO PLAINTIFFS OF REMOVAL OF ACTION
                                      TO UNITED STATES DISTRICT COURT

EXHIBIT____ PAGE____

1  TO THE PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

2

3  PLEASE TAKE NOTICE that a Notice of Removal of this action was filed

4  in the United States District Court for the Northern District of California on April 3, 2008.

5

6  A true and correct copy of the said Notice of Removal is attached hereto as

7  Exhibit "1" and is served and filed herewith.

8

9  Dated: April 3, 2008

10  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

11

12  By _____

13  RICHARD J. SIMMONS
    MATTHEW M. SONNE

14  Attorney for Defendant
    FRY'S ELECTRONICS, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27  EXHIBIT ___1___ PAGE ___5___

28

-2-

**EXHIBIT 1**

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2    Including Professional Corporations
   RICHARD J. SIMMONS, Cal. Bar No. 72666
3  MATTHEW M. SONNE, Cal. Bar No. 239110
   rsimmons@sheppardmullin.com
4  msonne@sheppardmullin.com
   650 Town Center Drive,
5  Costa Mesa, California 92626-1993
   Telephone:  714-513-5100
6  Facsimile:   714-513-5130

7  Attorneys for Defendant
   FRY'S ELECTRONICS, INC.
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  MANUAL RUBIO, GEORGE          C08 01799
    MENDEZ, MIGUEL GARCIA,
13  WILLIAM GUIDICE, DARLENE      [Superior Court Case No. 108CV-
    MURILLO, YAJARIA FRIAS AND    106994]
14  RONALD LACAYO, ON BEHALF OF
    THEMSELVES AND ALL OTHERS
15  SIMILARLY SITUATED

16              Plaintiffs,         NOTICE OF REMOVAL OF
                                    ACTION PURSUANT TO 28 U.S.C.
17       v.                         §§ 1331 and 1441(b) (FEDERAL
                                    QUESTION JURISDICTION)
18  FRY'S ELECTRONICS, INC. AND
    DOES 1 THROUGH 20, inclusive,
19
                Defendants.
20                                  Complaint Filed:  February 28, 2008
                                    Trial Date:              None Set
21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION

EXHIBIT 1 PAGE 6

1    TO THE HONORABLE JUDGES OF THE UNITED STATES

2  DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND

3  TO PLAINTIFFS' ATTORNEY OF RECORD:

4

5    Defendant Fry's Electronics, Inc. ("Defendant"), hereby provides notice

6  pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446(a) that Defendant removes the

7  above-captioned case pending in the Superior Court of State of California for the

8  County of Santa Clara (Case No. 108CV-106994).

9

10    Plaintiffs Manual Rubio, George Mendez, Miguel Garcia, William

11  Guidice, Darlene Murillo, Yajaria Frias, and Ronald Lacayo ("Plaintiffs") filed their

12  Complaint against Defendant on February 28, 2008 and served the complaint on

13  Defendant on March 5, 2008.  A true and correct copy of the complaint is attached

14  hereto as Exhibit A.[1]  Defendant answered the complaint on April 2, 2008.  A true

15  and correct copy of the answer is attached hereto as Exhibit B.  Defendant is

16  informed and believes that no other pleadings have been filed in state court.

17

18    This is a civil action over which this Court has original jurisdiction

19  pursuant to 28 U.S.C. §§ 1331 and is one which may be removed to this Court by

20  Defendant pursuant to the provisions of 1441(c) because the Complaint poses at

21  least two federal questions.  Pursuant to 28 U.S.C. §1441(c), "whenever a separate

22  and independent claim or cause of action within the jurisdiction conferred by section

23  1331 of this title is joined with one or more otherwise non-removable claims or

24

---

[1]  Defendant contests all of Plaintiffs' charging allegations.  The statements made in
this Notice of Removal reflect Plaintiffs' allegations that establish federal question
jurisdiction based on separate and independent claims pursuant to 28 U.S.C.
§1441(c).  The statements made in this Notice should not be construed as an
admission by Defendant as to the validity or value of any claims brought by
Plaintiffs.  Defendant expressly reserves the right to contest the claims and any
methods used by Plaintiffs to calculate their alleged damages, if any, in this action.

EXHIBIT____ PAGE___

-2-

1   causes of action, the entire case may be removed and the district court may

2   determine all issues therein. . . ."  28 U.S.C. §1441(c).  In other words, an entire

3   action can be removed to federal court when:  (1) a separate and independent federal

4   law claim that arises under federal law is asserted, and (2) at least one other claim

5   that is otherwise non-removable is also asserted.  Because these requirements are

6   met, this entire action is subject to removal to federal court.  The following is a

7   short, plain statement of the grounds for removal.

8

9                    <u>BASES FOR REMOVAL – FEDERAL QUESTION</u>

10          1.      The Complaint alleges in its Third Cause of Action that

11  Defendant violated the Fair Labor Standards Act.  (<u>See</u> Complaint, ¶¶ 48-53, pp. 11-

12  12).  Accordingly, Plaintiffs' Third Cause of Action is subject to removal under 28

13  U.S.C. § 1441(c) because it arises under federal law, and it is separate and

14  independent from the other claims in the Complaint.

15          2.      The Complaint also alleges in its First Cause of Action that

16  Defendant failed to pay terminated employees for their earned and unused vacation

17  time upon termination of their employment in violation of California Labor Code §

18  227.3.  (<u>See</u> Complaint, ¶¶ 37-42, pp. 9-10).  This cause of action arises out of and

19  relates to an employee benefit plan established and maintained under the Employee

20  Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § § 1001. <u>et seq</u>.

21  Likewise, Plaintiffs' fifth, sixth, and seventh causes of action are based in part on

22  allegations of unpaid vacation.[2]  Such claims are preempted by ERISA.

23

24          Specifically, Defendant established and maintained a Voluntary Employees'

25  Beneficiary Association Trust (the "Plan") for the purpose of providing vacation benefits

26  ───────────────────────

27          [2]   Although the Complaint's caption correctly lists the order of Plaintiffs' causes of
        action, they are mislabeled as the sixth, seventh, and eighth causes of action in the
        body of the Complaint.

28          EXHIBIT____1____ PAGE____8____

1  within the meaning and governance of ERISA.  Plaintiffs and all putative class members

2  were eligible to participate in the Plan through their employment with Defendant.

3  Vacation benefits were paid pursuant to the funded Plan and through the Plan's trust.

4  ERISA governs the investment, management, administration, and control of the Plan and

5  the assets of the trust.

6

7          Section 514(a) of ERISA provide that, except for state laws regulating

8  insurance, ERISA "shall supersede any and all State laws insofar as they may now or

9  hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).  State law claims that

10  "relate to" an employee benefit plan are completely preempted by ERISA.  Crull v. Gem

11  Ins. Co., 58 F.3d 1386, 1390 (9th Cir. 1995).  A state law claim "relates to" an employee

12  benefit plan "if it has a connection with or reference to such a plan."  Shaw v. Delta

13  Airlines, Inc., 463 U.S. 85, 97 (1983).

14

15          Because Plaintiffs' Complaint seeks to recover allegedly unpaid vacation

16  benefits that were provided by Defendant under the terms of the Plan, an "employee

17  welfare benefit plan" as defined in ERISA § 3(1), 29 U.S.C. § 1002(1), the Complaint "has

18  a connection with" and "relates to" an ERISA plan, and the vacation claims are therefore

19  completely preempted by ERISA.

20

21          Plaintiffs' state law claims may be recharacterized as claims arising under

22  ERISA pursuant to the "artful pleading" doctrine.  "A plaintiff may not . . . avoid federal

23  jurisdiction simply by omitting from the complaint federal law essential to his claim, or by

24  casting in state law terms a claim that can be made only under federal law.  Jurisdiction is

25  determined on the basis of the *well-pleaded* complaint.  A complaint that is 'artfully

26  pleaded' to avoid federal jurisdiction may be recharacterized as one arising under federal

27  law."  Olguin v. Inspiration Consolidated Copper Co., 740 F.2d 1468, 1472 (9th Cir. 1984)

28  (citations omitted) (italics in original); see also Young v. Anthony's Fish Grottos, Inc., 830

EXHIBIT ___1___ PAGE ___9___

-4-

NOTICE OF REMOVAL OF ACTION

1  F.2d 993, 997 (9th Cir. 1987) ("district court . . . properly looked beyond the face of the

2  complaint to determine whether the contract claim was in fact a section 301 claim for

3  breach of a collective bargaining agreement 'artfully pleaded' to avoid federal

4  jurisdiction").

5

6          In this case, recharacterization of Plaintiffs' unpaid vacation claim is

7  appropriate because it is "artfully pled" to avoid federal preemption. 29 U.S.C. § 1132; see

8  also Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66-67 (1987) (common law

9  contract and tort claims for alleged wrongful withholding of insurance benefits under an

10 ERISA-covered plan are preempted); Parrino v. FHP, Inc., 146 F.3d 699, 703-704 (9th Cir.

11 1998) (breach of the implied covenant of good faith and fair dealing and civil conspiracy

12 claims predicated on alleged defects in defendant's procedures for processing health care

13 benefits are "completely preempted by ERISA"); Olson v. General Dynamics, Corp., 960

14 F.2d 1418, 1420-23 (9th Cir. 1991) (fraud claim relating to level of benefits received under

15 an employee benefit plan was preempted by ERISA).

16

17          In sum, Plaintiffs' allegations and claims for relief under the FLSA pose

18 questions of federal law. Likewise, Plaintiffs' claims for unpaid vacation are preempted by

19 ERISA. Therefore, the Complaint is removable to this Court pursuant to 28 U.S.C.

20 § 1331.

21

22          THIS NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

23          Defendant has filed this Notice of Removal pursuant to 28 U.S.C.

24 § 1446(b) in a timely fashion (within 30 days of the effectuation of service on

25 Defendant of Plaintiffs' Complaint). Specifically, Defendant was served with

26 Plaintiff's Complaint on March 5, 2008 and is filing this notice within 30 days of

27 that service. A copy of this Notice of Removal will also be served on Plaintiffs'

28 counsel and filed with the Superior Court for the County of Santa Clara. As

EXHIBIT ___1___   PAGE ___10___

1  mentioned, all necessary parties to the action have been properly joined.  Pursuant to

2  28 U.S.C. §§ 1441(a) and (b), this case may be removed to the United States District

3  Court for the Northern District of California.

4

5          Defendant is informed and believes that none of the fictitiously named

6  defendants (designated as Does 1 through 20) have been served with a copy of the

7  Summons and Complaint.  Accordingly, they are not parties to this action and need

8  not consent to removal.  See Fristoe v. Reynolds Metals Co., 615 F. 2d 1209, 1213

9  (9th Cir. 1980).

10

11         WHEREFORE, Defendant removes the original action brought by

12 Plaintiffs, now pending in the Superior Court of the State of California for the

13 County of Santa Clara, to this Court.

14

15 Dated:  April 3, 2008

16                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

17

18                        By  _____

19                              RICHARD J. SIMMONS
                                MATTHEW M. SONNE
20                              Attorney for Defendant
                                FRY'S ELECTRONICS, INC.
21

22

23

24

25

26

27

28

EXHIBIT___1___ PAGE __11__

-6-

# EXHIBIT A

02/28/2008  12:23   13239341230                PETER K. LEVINE                    PAGE  02/19

# ORIGINAL

FILED  Santa Clara County
02/28/08  12:35pm
Kiri Torre
Chief Executive Officer
By: clerks DTSCIV010085
R#20080002142
FF              $870.00
TL              $870.00
Case: 1-08-CV-106904

1  PETER K. LEVINE – SBN 113672

2  ALBERT J. GOPIN SBN 65978

3  5455 Wilshire Boulevard
   Suite 1259
   Los Angeles, California 90036

4  Telephone: (323) 934-1234
   Fax: (323) 934-1230

5  fryspeterlevine@neverbox.com

6  Attorney for Plaintiffs                         Clark Sakai

                                                              **BY FAX:**
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SANTA CLARA

10
                                                   **108CV-106994**
11  MANUEL RUBIO, GEORGE MENDEZ,      )
    MIGUEL GARCIA, WILLIAM GUIDICE,   )   Case No.:
12  DARLENE MURILLO, YAJARIA FRIAS    )
13  AND RONALD LACAYO, ON BEHALF OF   )   **CLASS ACTION**
    THEMSELVES AND ALL OTHERS         )
14  SIMILARLY SITUATED                )   **COMPLAINT FOR DAMAGES**
                                       )   **INJUNCTIVE RELIEF**
15             Plaintiffs,             )
                                       )   **DEMAND FOR JURY TRIAL**
16      vs.                            )
                                       )   1.    Violation of Labor Code 227.3
17  FRY'S ELECTRONICS, INC. AND DOES 1 )        ("Vacation Pay");
18  THROUGH 20, inclusive,            )   2.    Violation of Labor Code § 1198
                                       )        ("Overtime");
19             Defendants.            )   3.    Violation of the Fair Labor Standards
                                       )        Act;
20                                     )   4.    Violation of Labor Code § 2802
                                       )        ("Indemnification");
21                                     )   5.    Violation of Labor Code § 226
                                       )        ("Paystubs");
22                                     )   6.    Violation of Labor Code §§ 201 and
                                       )        202;
23  _____       )   7.    Violation of California Business &
                                       )        Professions Code §§ 17200 et seq.
24                                     )        ("Unfair Practices Act")

25  ///

26  ///

27  ///

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**
- 1 -

EXHIBIT __1__ PAGE __12__        02/28/2008 THU 12 57 [TX        Exhibit A
                                                                  Page 07

1     Plaintiffs Manuel Rubio ("Rubio"), George Mendez ("Mendez"), Miguel Garcia

2   ("Garcia"), William Guidice ("Guidice"), Yajaria Frias ("Frias"), and Ronald Lacayo ("Lacayo")

3   on behalf of themselves and all others similarly situated complain and allege as follows:

4

5                                **PRELIMINARY ALLEGATIONS**

6        1.      This is a class action for violation of California wage and hour laws brought by

7   Manuel Rubio, George Mendez, Miguel Garcia, William Guidice, Yajaria Frias and Ronald

8   Lacayo (collectively referred to as "Plaintiffs") for themselves on behalf of similarly situated

9   current and former employees of Defendant Fry's Electronics, Inc. (hereafter "Fry's" or

10  "Defendant") who have been employed by Fry's, in the State of California, at any time between

11  February 22, 2004, and who have been employed anywhere in the United States between

12  February 22, 2004 and the date Notice is mailed to the Class.  During the relevant time period,

13  Plaintiffs and the class in California suffered the loss and forfeiture of vested "vacation" time

14  and were not paid all earned and vested "vacation" pay, worked over forty hours in a week or

15  over eight hours in a day time without receiving the proper pay rate, received pay stubs that were

16  inaccurate, were required to purchase shirts from Fry's bearing a corporate logo and were not

17  indemnified for the expense of the shirts, and Plaintiffs and the class of all Fry's employees who

18  worked throughout the United States for Defendant Fry's who worked in excess of forty hours a

19  week and were not properly paid for the hours worked.

20       2.      One component of Defendants' paid vacation policy and practice, as the term

21  "vacation" is contemplated in Labor Code § 227.3, requires covered employees to use their

22  "vacation" earned under the policy, or lose it. It also provides, contrary to California law, that if

23  an employee is terminated or quits without using his or her vested vacation the employee does

24  not receive a pro rata share of the vacation earned prior to the separation from employment.  The

25  policy also provides, contrary to public policy and California law, "cliff" vesting of vacation

26  (e.g. that if an employee is not employed on a certain date, he or she does not receive a pro rata

27  share of the vacation earned prior to his or her separation from employment).

28       3.      Defendants' corporate policies, practices, and/or customs concerning such

    vacation time violates California Labor Code §§ 203, 226, 227.3, California Business and

    Professions Code § 17200, et seq., (Unfair Practices Act), and *Suastez v. Plastic Dress Up Co*

    (1982) 31 Cal. 3d 774

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

- 2 -

EXHIBIT    1    PAGE   13

4.      Defendants' corporate policies, practices and/or customs concerning hours of employment for employees who have the same or similar job titles to the Plaintiffs were required on a weekly basis to work hours for which they were not paid properly. Plaintiffs did not receive any proper overtime compensation for these hours.

5.      These corporate policies practices and/or customs of the Defendant concerning such overtime violate California Labor Code §§ 1198, the applicable Wage Orders of the Industrial Welfare Commission, and California Business and Professions Code §§17200 *et seq* and the Fair Labor Standards Act.

6.      This Complaint challenges systemic illegal employment practices resulting in violations of the Fair Labor Standards Act, California Labor Code, and Business and Professions Code by Defendants.

7.      Plaintiffs are informed and believe and based thereon allege Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees regarding vacation policies.

8.      Plaintiffs are informed and believe and based thereon allege Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees regarding overtime and work hours.

9.      Plaintiffs are informed and believes and based thereon alleges, Defendants have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny current and former employees: (a) all earned and vested "vacation" time and wages; and (b) pay for all hours worked.

10.     The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and applicable IWC wage orders.

### JURISDICTION AND VENUE

11.     The Court has jurisdiction over the violations of the California Labor Code, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission.

12.     This Court further has jurisdiction over this Class Action pursuant to California Code of Civil Procedure § 382.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

- 3 -

EXHIBIT 1  PAGE 14        02/28/2008 THU 12 57 [TX/RX NO 9330] ☑005

Exhibit A

13.     The Court has jurisdiction over the violation of the Fair Labor Standards Act because the Court is a court of General Jurisdiction.

14.     Venue is proper because Defendant Frys's Electronics has designated its primary place of business in California as San Jose, California.

## PARTIES

15.     Plaintiffs George Mendez, William Guidice, Darlene Murillo, Yajaria Frias, and Ronald Lacayo were employed by Defendants in California within the four year period prior to the filing of this action and each has resided within the State of California at all relevant times. Plaintiffs were victims of the policies, practices and customs of Defendants complained of in this action in ways that have deprived them of their rights guaranteed them by California Labor Code California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage orde (s) issued by the Industrial Welfare Commission including IWC Wage Order No. 7-2001.

16.     Plaintiff Manuel Rubio is employed by Defendants in California and he resides within the State of California. Plaintiff was and is a victim of the policies, practices and customs of Defendants complained of in this action in ways that have deprived him of his rights guaranteed by the Fair Labor Standards Act.

17.     Plaintiff Miguel Garcia is employed by Defendant in California and has resided within the State of California at all relevant times. Plaintiff was and is a victim of the policies, practices and customs of Defendants complained of in this action in ways that have deprived him of his rights pursuant to California Labor Code § 2802 and the California Business and Professions Code sections 17200 et seq. and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 7-2001.

18.     Plaintiffs are informed and believe and based thereon alleges that Defendant Fry's Electronics, Inc. was and is a California corporation doing systematic and continuous business in the State of California including within Santa Clara County, selling goods to the general public.

19.     Plaintiffs are informed and believe, and thereon alleges, that at all times herein mentioned Defendant and DOES 1 through 20, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. Defendants own and operate establishments throughout California selling retail products to the general public. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

-4-

EXHIBIT  1  PAGE  15         02/28/2008 THU 12 57 [TX/RX NO 9930] @006

Exhibit A

California Business and Professions Code § 17200, et seq., (Unfair Practices Act), the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 7-2001, and the Fair Labor Standards Act. As used herein the term "Defendants" incorporates all DOE Defendants.

20.    Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 20, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiffs are informed and believe and thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiffs and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

21.    At all times herein mentioned, each of said Defendants participated in the acts hereinafter alleged to have been done by the named Defendant; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

22.    Plaintiffs are informed and believe and based thereon allege that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants authorized, confirmed and ratified said acts, conduct, and omissions of the acting Defendant.

23.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

24.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

25.    At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

- 5 -

EXHIBIT ___1___ PAGE ___16___

26.    **Class Definition:** The proposed classes Plaintiffs seek to represent are presently defined as follows:

    a.  <u>VACATION PAY DAMAGES CLASS:</u>  All persons whose employment ceased with Defendants in California between February 7, 2004 through the date Notice is mailed to the class who were forced, as a matter of company policy, to surrender, or forgo vacation days and did not receive compensation for those lost vacation days upon the cessation of the employment relationship.

    b.  <u>CALIFORNIA OVERTIME CLASS:</u>  All current and former employees of Defendants in California who were, as a matter of company policy, required to work hours for which they received inaccurate overtime compensation.

    c.  <u>INDEMNIFICATION CLASS:</u>  All current and former employees of Defendants in California who were, as a matter of company policy, required to purchase shirts with Defendants' logo on them and were not indemnified for the costs of the shirts or for maintenance of the shirts.

    d.  <u>FAIR LABOR STANDARDS ACT OVERTIME CLASS:</u>  All current and former employees of Defendant those in California who have opted-in, and those in every state and United States Territory where the law of the United States are applicable outside of California who were, as a matter of company policy, required to work in excess of forty hours in a week without being paid properly calculated overtime wages for their work.

27.    **Community of Interest:**  There is a well-defined <u>community of interest</u> in the litigation and the proposed class is <u>easily ascertainable</u>.

28.    **Numerosity:**  While the exact number of the class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon alleges that there are over 2000 persons in the class. The class is so large that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by review of Defendants' records.

29.    **Adequacy of Representation:**  Plaintiffs are able to fairly and adequately protect the interests of all members of the class. Attorneys for Plaintiffs and the potential class are qualified and competent and very experienced in employment litigation. Plaintiffs do not have interests antagonistic to the remainder of the class.

///

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**
- 6 -

EXHIBIT  1  PAGE  17   02/28/2008 THU 12 57 [TX

Exhibit A
Page 12

30.    **Common Questions Predominate:** Common questions of law and fact exist as to all class members and predominate over any questions that affect only individual members of the class. Defendant uniformly administered a corporate policy, practice and/or custom whereby a portion of the "vacation" pay provided to its employees was provided pursuant to a "use it or lose it" written policy, with cliff vesting that precluded accrual of such paid time off as work was performed. Defendant also uniformly required its employees to work "off the-clock" often times in excess of forty hours a week. Such written policies were and are applied uniformly to a large number of Defendants' California employees and therefore this matter is well suited for class relief. The predominant common legal question is: Was the uniform policy, custom, and practice of defendants lawful.

31.    The common questions of law and fact include, but are not limited to:

    a.  Are Defendants' policies, as applied, violative of Labor Code § 227.3?

    b.  Are Defendants' policies, as applied, violative of Labor Code § 226.7?

    c.  Are Defendants' policies, as applied, violative of the Fair Labor Standards Act?

    d.  Are Defendants' policies, as applied, violative of Labor Code § 2802?

    e.  Are Defendants' policies, as applied, violative of Labor Code § 1198?

    f.  Do Defendants' policies requiring forfeiture of vacation practices render pay statements illegal pursuant to Labor Code 226?

    g.  Do Defendants' policies which amount to a failure to properly pay its employees for all time worked render pay statements illegal pursuant to Labor Code 226?

    h.  Do Defendants' policies, which fail to indemnify employees for purchasing shirts with the Defendants' logo on them render the pay statements illegal, because purchases of company gear amount to failure to properly pay wages?

    i.  Is Defendants' policy and practice an illegal "use it or lose it" vacation program?

    j.  Does Defendants' policy, as applied, expose Defendant to liability pursuant to Labor Code 203?

    k.  For purposes of Labor Code § 203, does Defendants' application of its time off policy a willful violation of California law?

/// 
///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
- 7 -

    l.   For purposes of Labor Code § 203, does Defendants' requirement that its employees pay for shirts with Defendants' logo constitute a willful violation of California law?

    m.  Do Defendants commit unfair business practices through the application of the time off policies?

    32.    **Typicality:** Plaintiffs' claims are typical of the claims of the class. Plaintiffs and other class members sustained losses, injuries, and damages arising out of Defendants' common policies, programs, practices, protocols, routines, and rules. Plaintiffs were and are employees of Defendants. Plaintiff and other class members were, per policy, awarded vacation time, which, if they were unused, they forfeited upon the completion of an additional year of employment and was never compensated for at the time employment with Defendants ceased for Plaintiffs Lacayo, Mendez, Frias, Guidice, and Murillo. Plaintiffs Lacayo, Frias, Guidice, Mendez, and Murillo and other Class members also worked time between vacation awards, or between hiring and their first award, prior to their terminations for which they were not credited vacation time. Plaintiffs Lacayo, Guidice, Frias, Mendez and Murillo and the other class members were not paid, upon their separations from employment before their award dates, a pro rata share of such vacation time earned during these periods. Plaintiffs seek recoveries for the same type of losses, injuries, and damages suffered by the other class members.

    33.    Plaintiffs Rubio, Mendez, Lacayo, Frias, and Guidice and other class members were not properly paid for all hours worked, including for hours in excess of forty a week. Plaintiff worked in excess of eight hours a day, and in excess of forty hours a week and did not receive overtime at the rate required by California and Federal law.

    34.    Plaintiff Garcia and other class members were required to purchase shirts with Defendants' logo on them and were not indemnified for the costs of the shirts.

    35.    **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Also, because the losses, injuries, and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done them. The prosecution of separate actions by the individual class members would create a

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

- 8 -

EXHIBIT __1__ PAGE __19__    02/28/2008 THU 12 57 [TX/RX NO 9930]  ☑ 010

Exhibit A

1  substantial risk of (a  inconsistent or varying adjudications with respect to individual class

2  members against the Defendant and which would establish potentially incompatible standards of

3  conduct for the Defendant, and/or (b) adjudications with respect to individual class members

4  which would, as a practical matter, be dispositive of the interest of the other class members not

5  parties to the adjudications or which would substantially impair or impede the ability of the class

   members to protect their interests.

6          36.    **Public Policy Considerations:** The California Labor Code and Wage Order

7  provisions upon which Plaintiffs base their claims are broadly remedial in nature.  These laws

8  and labor standards serve an important public interest in establishing minimum working

9  conditions and standards in California.  These laws and labor standards protect the average

10  working employee from exploitation by employers who may seek to take advantage of superior

11  economic and bargaining power in setting onerous terms and conditions of employment.  The

12  nature of this action and the format of laws available to Plaintiffs and members of the class

   identified herein make the class action format a particularly efficient and appropriate procedure

13  to redress the wrongs alleged herein.  If each employee was required to file an individual lawsuit,

14  the corporate Defendant would necessarily gain an unconscionable advantage since it would be

15  able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly

16  superior financial and legal resources.  Requiring each class member to pursue individual remedy

   would also discourage the assertion of lawful claims by employees who would be disinclined to

17  file an action against their former and/or current employer for real and justifiable fear of

18  retaliation and permanent damage to their careers at subsequent employment.

19

20                          **FIRST CAUSE OF ACTION**

21        FOR VIOLATION OF LABOR CODE § 227.3 REGARDING VACATION PAY

                          (AGAINST ALL DEFENDANTS BY
22
                    PLAINTIFFS LACAYO, MENDEZ, FRIAS, AND MURILLO)
23

24          37.    Plaintiffs Guidice, Mendez, Frias, Lacayo, and Murillo re-allege and incorporate

25  by reference paragraphs 1 through 36 as though fully set forth herein.

26          38.    Defendants' maintain a policy and practice of providing California employees

   paid vacation time as the term "vacation" is contemplated under California law.  Defendants'

27  policies characterize a portion of such vacation time as "personal holidays".

28  ///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
                                    - 9 -

EXHIBIT  1   PAGE  20      02/28/2008 THU 12 57 [TX,        Exhibit A
                                                                    Page 15

39.    In the event that an employee does not use the vacation time provided prior to the end of a calendar year, or prior to separating from employment, he or she forfeits that vacation time and he or she does not receive pay from Defendants for such forfeited vacation time upon termination of employment. Defendants' failure to pay terminated employees for their earned and unused vacation time upon the termination of their employment, violates Labor Code § 227.3 and *Suastez v. Plastic Dress-Up Co.* (1982) 31 Cal. 3d 774.

40.    Defendants have also failed to pay class members vested vacation wages by failing to pay class members a pro-rata share of all accrued vacation time upon termination from employment. Such conduct violates Labor Code § 227.3 and *Suastez v. Plastic Dress-Up Company* (1982) 31 Cal.3d 774.

41.    Plaintiffs are informed and believe that Defendants' application of the above referenced element of its vacation policy was willful. Defendants intended not to pay Plaintiffs their awarded unused vacation or accrued pro rata shares of vacation despite its obligation, under California law, to do so.

42.    Such a pattern, practice and uniform administration of corporate policy as described herein, is unlawful and creates an entitlement to recovery by Plaintiffs and the class identified herein, in a civil action, of the balance of unpaid vacation wages, including interest thereon, waiting time penalties pursuant to Labor Code 203, reasonable attorney's fees, and costs of litigation.

## SECOND CAUSE OF ACTION

### UNLAWFUL FAILURE TO PAY OVERTIME WAGES

### (AGAINST DEFENDANTS

### BY PLAINTIFFS LACAYO, RUBIO, FRIAS, MENDEZ, AND GUIDICE)

43.    Plaintiffs Mendez, Guidice, Rubio, Lacayo, and Frias re-allege and incorporate by reference paragraphs   through 42 as though fully set forth herein.

44.    Pursuant to California law, as set forth in Labor Code 1198, it is unlawful to employ a person for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC. Wage Order NO. 7 applies to the employees and former employees of defendants. Wage Order No. 7 provided at all times relevant hereto, and does provide, that if an employee works more than forty hours per week, and/or over eight hours in a day, that employee is entitled to overtime

# EXHIBIT 1
## 2 of 2

1  compensation at the rate of one and one half times his or her regular rate for each overtime hour
2  worked. Effective January 1, 2000, the right to overtime pay for work in excess of eight hours in
3  a day and forty hours in a week has also been codified in Labor Code Section 510.

4    45.    During Plaintiffs' employment by Defendants, and within the applicable statute of
   limitations, Plaintiffs worked workweeks of over forty hours, and workdays of over eight hours.
5  Despite the hours worked by Plaintiffs, Defendants willfully and in bad faith refused to pay
6  Plaintiffs all overtime compensation they were entitled to be paid. Defendants calculated
7  overtime based on plaintiffs' hourly wages and excluded their commission earnings.

8    46.    Pursuant to California Labor Code Section 1194, Plaintiffs Lacayo, Frias,
9  Guidice, and Mendez are entitled to recover Plaintiffs' unpaid overtime compensation, an
   amount generally exceeding the "limited jurisdiction" amount of the Court, plus interest,
10 attorneys' fees, and costs, subject to proof at the time of trial.

11   47.    WHEREFORE, Plaintiffs Lacayo, Frias, Mendez, and Guidice are entitled to all
12 Plaintiffs' unpaid overtime wages according to proof, interest, attorneys' fees and costs pursuant
13 to Labor Code Section 1194 (a).

14

15                          ## THIRD CAUSE OF ACTION

16            ## FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

17              ## (AGAINST ALL DEFENDANTS BY PLAINTIFF RUBIO)

18

19   48.    Plaintiff Rubio re-allege and incorporate by reference paragraphs 1 through 47 as
20 though fully set forth herein.

21   49.    Pursuant to the Fair Labor Standards Act, employees are required to earn one and
   half times their regular rate for hours worked in excess of forty hours a week. Defendants failed
22 to pay employees who worked in excess of forty hours a week the proper compensation as
23 required by law.

24   50.    Defendants' unlawful conduct alleged herein occurred in the Course of its
25 employment of Plaintiff Rubio and the Class Members.
26 ///
   ///
27 ///

28

       COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
                                    - 11 -

EXHIBIT ___1___ PAGE ___22___          02/28/2008 THU 12 57 [T]          Exhibit A
                                                                                   Page 17

51.    Because Defendants failed and continue to fail to pay its employees overtime in accordance with Federal Law, they are liable to Plaintiff Rubio and the Class Members for the difference between the amounts of money actually paid for overtime and the actual overtime owed. In addition, Plaintiffs are owed liquidated damages in accordance with the Fair Labor Standards Act.

52.    As a direct and proximate result of Defendants violation of the Fair Labor Standard Act, Plaintiff Rubio and the Class Members have suffered and continue to suffer irreparable harm and monetary damages entitling them to injunctive relief and restitution. Plaintiff Rubio and the Class Members seek damages and all other allowable relief including the difference between the amount actually paid for time worked in excess of forty hours a week and the amount actually owed for time worked in excess of forty hours a week, liquidated damages, attorneys' fees and prejudgment interest.

53.    WHEREFORE, Plaintiff Rubio and the Class Members are entitled to one proper payment of overtime, liquidated damages, prejudgment interest, attorneys' fees and costs of suit.

## FOURTH CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE § 2802 AND APPLICABLE WAGE ORDERS
### (AGAINST ALL DEFENDANTS BY PLAINTIFF GARCIA)

54.    Plaintiff Garcia incorporate all preceding paragraphs as if fully set forth herein.

55.    Defendants' unlawful conduct alleged herein occurred in the course of Defendants' employment of Plaintiff Garcia and the Class Members and such conduct has continued through the filing of this complaint.

56.    Pursuant to Labor Code § 2802, it is illegal to require an employee to purchase, as a part of his employment, a uniform bearing a company logo on it and to require that employees maintain that uniform without being compensated for the maintenance.

57.    As a requirement of their employment, Plaintiff Garcia and the Class Members were required to purchase shirts with Defendants' logo on it, at a cost of over $10.00 per shirt and were then required to maintain that shirt at their own expense.

58.    Because Defendants failed to indemnify their employees for uniforms, Defendants are liable to Plaintiff Garcia and the Class Members for the costs of the logo shirt and the costs associated with maintaining those shirts pursuant to Labor Code Section 2802.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
- 12 -

EXHIBIT  1    PAGE  23    02/28/2008 THU 12 57  [TX.      Exhibit A
                                                                      Page 18

59.    As a direct and proximate result of Defendants violation of Labor Code Section 2802, Plaintiff Garcia and the Class Member and entitled to repayment of the costs of the logo-bearing shirts, and the costs associated with maintaining those shirts. Plaintiff Garcia and the Class Members have suffered irreparable harm and monetary damages entitled Plaintiff Garcia and Class Members to both injunctive relief and restitution.

60.    Plaintiff Garcia and the Class Members seek damages and all other relief allowable including premium pay for each work shift longer than four hours during which each employee was not provided a full ten minute uninterrupted rest period, attorneys' fees and costs, and prejudgment interest.

61.    WHEREFORE, Plaintiff Garcia and the Class Members are entitled to repayment of costs associated with their logo-bearing shirts, attorneys' fees, prejudgment interest, and costs of suit.

## SIXTH CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE § 226

### (AGAINST ALL DEFENDANTS BY PLAINTIFFS LACAYO GUIDICE, RUBIO, MURILLO, FRIAS, GARCIA AND MENDEZ)

62.    Plaintiffs Rubio, Garcia, Mendez, Murillo, Lacayo, Frias, and Guidice incorporate all preceding paragraphs as if fully set forth herein.

63.    California Labor Code Section 226(a) requires employers to semi-monthly or at the time payment of wages is made to furnish each employee a statement itemizing, *inter alia*, the gross wages earned by the employee. Labor Code Section 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, *inter alia*, the total gross wages, vacation time, and overtime pay earned by the employee, then the employee is entitled to recover the greater of all actual damages of fifty dollars for the initial violation and one hundred dollars for each subsequent violation, up to a total of four-thousand dollars.

64.    Plaintiffs Rubio, Garcia, Mendez, Murillo, Lacayo, Frias, and Guidice are informed and believe, and thereon allege, that at all relevant times Defendants intentionally failed to furnish Plaintiffs Rubio, Garcia, Mendez, Murillo, Lacayo, Frias, and Guidice and the Class members with timely and accurate wage statements showing the gross wages, earned vacation time, and premium pay earned by Plaintiffs Rubio, Garcia, Mendez, Murillo, Lacayo,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
- 13 -

EXHIBIT   1   PAGE  24    02/28/2008 THU 12 57 [TX/RX NO 9999]

Exhibit A
Page 19

1  Frias, and Guidice and the Class Members, as required by the Labor Code by leaving premium

2  wages payable by virtue of the failure to account for, unpaid overtime, and unaccounted for

3  vacation pay.

4      65.    WHEREFORE, Defendants are liable to Plaintiffs Rubio, Garcia, Mendez,

5  Murillo, Lacayo, Frias, and Guidice and other Class Members for the amounts provided by

   Labor Code Section 226 (b).

6

7                    **SEVENTH CAUSE OF ACTION**

8          **FOR UNLAWFUL FAILURE TO PAY ALL WAGES DUE AT TIME**

9                    **OF SEPARATION FROM EMPLOYMENT**

10                   **(AGAINST ALL DEFENDANTS BY PLAINTIFFS)**

11

12     66.    Plaintiffs Mendez, Murillo, Lacayo, Frias, and Guidice incorporate all preceding

   paragraphs as if fully set forth herein.

13     67.    California Labor Code Sections 201 and 202 provide for the timely payment of all

14  owed money upon the cessation of the employment relationship.

15     68.    Upon the cessation of the employment relationship, Defendants willfully failed to

16  pay former employees all wages owed them in the time required by law.

17     69.    Because Plaintiffs Mendez, Murillo, Lacayo, Frias, and Guidice and all former

18  employees of Defendants in the State of California did not receive their final paycheck of all

   wages owed them as required by California law, Defendants have violated Labor Code Sections

19  201 and 202.

20     70.    As a direct and proximate result of Defendants willful violation of Labor Code

21  Sections 201 and 202, Plaintiffs Mendez, Murillo, Lacayo, Frias, and Guidice and the Class

22  Members have suffered irreparable harm and monetary damages entitled to Plaintiffs Mendez,

   Murillo, Lacayo, Frias and Guidice and the Class Members and injunctive relief and restitution.

23  Plaintiffs Mendez, Murillo, Lacayo, Frias, and Guidice and the Class Members seek damages

24  and all other relief allowable including waiting time penalties for each day up to thirty days

25  because Defendant willfully failed to pay Plaintiffs Mendez, Murillo, Lacayo, Frias, and Guidice

26  and the Class members also seek attorneys' fees, costs of suit, and prejudgment interest.

27     71.    WHEREFORE, Plaintiffs Mendez, Murillo, Lacayo, Frias, and Guidice and the

28  Class Members are entitled to one day of additional pay up to thirty days of pay as a penalty,

   prejudgment interest, attorneys' fees, and costs of suit.

   COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
                                     - 14-

EXHIBIT __1__  PAGE 25    02/28/2008 THU 12 57 [TX/RX

Exhibit A
Page 20

## EIGHTH CAUSE OF ACTION

### For Violation of Business and Professions Code § 17200 et seq.

(AGAINST ALL DEFENDANTS BY PLAINTIFFS RUBIO, LACAYO, FRIAS, MURILLO, GUIDICE, MENDEZ, AND GARCIA)

72.     Plaintiffs Rubio, Guidice, Mendez, Lacayo, Frias, Lacayo, and Garcia incorporate all preceding paragraphs as if fully set forth herein.

73.     The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

74.     Plaintiffs Rubio, Guidice, Mendez, Lacayo, Frias, Lacayo, and Garcia are informed and believe and on that basis alleges that at all times herein mentioned Defendant has engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth hereinabove, thereby depriving Plaintiff and other members of the class/general public the minimum working condition standards and conditions due to them under the California law.

75.     Defendants, and each of them, have engaged in and continue to engage in unfair business practices in California by practicing, employing and utilizing the unlawful, and unfair employment practices outlined above that violate Labor Code § 227.3 relating to vacation wages, violate Labor Code § 1802, the Fair Labor Standards Act, Labor Code 1198, Labor Code 226, and Labor Code §§ 201 and 202.

76.     Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

77.     Plaintiffs Rubio, Guidice, Mendez, Lacayo, Frias, Lacayo, and Garcia seek, on their own behalf, on behalf of other members of the class similarly situated, and on behalf of the general public, full restitution of monies, as necessary and according to proof, to restore any and all unpaid vacation monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

78.     Plaintiffs Rubio, Guidice, Mendez, Lacayo, Frias, Lacayo, and Garcia seek, on their own behalf, on behalf of other members of the class similarly situated, and on behalf of the general public, an injunction to prohibit Defendant from continuing to engage in the unfair business practices complained of herein.

///

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
- 15 -

EXHIBIT ___1___  PAGE __26__  02/28/2008 THU 12 57 [TX/RX

02/28/2008  12:23   13239341230          PETER K. LEVINE                    PAGE  17/19

## PRAYER FOR RELIEF

WHEREFORE , Plaintiffs pray for judgment for themselves and all others on whose behalf this suit is brought against Defendant, jointly and severally, as follows:

## CLASS CERTIFICATION

1. That this action be certified as a class action;

2. That Plaintiffs Mendez, Murillo, Lacayo, Frias, and Guidice be appointed as the representatives of the classes they each seek to represent;

3. That Plaintiff Rubio be appointed as the class representative of the Federal Fair Labor Standards Act Class and the other classes he seeks to represent;

4. That Plaintiff Garcia be appointed as the class representative as the class representative of the Indemnification Class and the other classes he seeks to represent;

5. That Counsel for Plaintiffs be appointed as class counsel;

## ON THE FIRST CAUSE OF ACTION

6. For all vested vacation wages earned;

7. For waiting time penalties pursuant to Labor Code § 203;

8. For interest;

9. For attorneys fees and costs;

## ON THE SECOND CAUSE OF ACTION

10. For the difference between the earned overtime wages and the paid overtime wages, earned for hours worked in excess of eight in a day or forty in a week

11. For Statutory Waiting Time Penalties up to 30 days;

12. For interest;

13. For attorneys' fees and costs;

///

///

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
- 16-

EXHIBIT __1__ PAGE __27__      02/28/2008 THU 12 57 [TX/RX NO 99201 ]☎018

## ON THE THIRD CAUSE OF ACTION

14. For all unpaid overtime wages earned for hours worked in excess of forty in a week;

15. For liquidated damages

16. For Statutory Waiting Time Penalties up to 30 days;

17. For interest;

18. For attorneys' fees and costs;

## ON THE FOURTH CAUSE OF ACTION

19. For indemnification of costs associated with the purchasing of Defendants' shirts with the Defendants; logo on them;

20. For indemnification of costs associated with maintaining the uniform shirts

21. For Statutory Waiting Time Penalties up to 30 days;

22. For interest;

23. For attorneys' fees and costs of suit;

## ON THE FIFTH CAUSE OF ACTION

24. For damages and/or penalties for violation of Labor Code Section 226;

25. For attorneys fees and costs;

## ON THE SIXTH CAUSE OF ACTION

26. For payment of Waiting Time Penalties up to 30 days;

27. For costs;

28. For attorneys' fees;

## ON THE SEVENTH CAUSE OF ACTION

29. For restitution to the class of wages owed;

30. For costs;

31. For injunctive relief as set forth above;

32. For attorney's fees.

///

///

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
- 17.

EXHIBIT  1  PAGE  28        02/28/2008 THU 12 57 [TX/F        Exhibit A
                                                                  Page 23

1

## ON ALL CAUSES OF ACTION

2    33.  For cost of suit;

3    34.  For attorneys' fees; and

4    35.  For such other relief that the Court deems just and proper.

5    Dated: February 27, 2008          LAW OFFICES OF PETER K. LEVINE

6

7

8                                      By: _____
                                            PETER K. LEVINE
9                                        Attorneys for Plaintiffs and the class

10              ## DEMAND FOR A JURY TRIAL

11

12       By way of this pleading, Plaintiffs hereby give notice of a demand for jury trial in this
     matter.
13

14    Dated: February 27, 2008          LAW OFFICES OF PETER K. LEVINE

15

16                                      By: _____
17                                            PETER K. LEVINE
                                         Attorneys for Plaintiffs and the class
18

19    G:\New\1520\Pleadings\Complaint101.doc

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
- 18 -

EXHIBIT ___1___ PAGE 29          02/28/2008 THU 12 57 [TX/

# EXHIBIT B



1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   RICHARD J. SIMMONS, Cal. Bar No. 72666
3  MATTHEW M. SONNE, Cal. Bar No. 239110
   650 Town Center Drive, 4th Floor
4  Costa Mesa, California  92626-1993
   Telephone:   714-513-5100
5  Facsimile:   714-513-5130

6  Attorneys for Defendant
   FRY'S ELECTRONICS, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SANTA CLARA

10

11 MANUAL RUBIO, GEORGE MENDEZ,          Case No. 108CV-106994
   MIGUEL GARCIA, WILLIAM
12 GUIDICE, DARLENE MURILLO,
   YAJARIA FRIAS AND RONALD
13 LACAYO, ON BEHALF OF                   **DEFENDANT FRY'S ELECTRONICS,**
   THEMSELVES AND ALL OTHERS             **INC.'S ANSWER TO COMPLAINT**
14 SIMILARLY SITUATED

15              Plaintiffs,

16      v.

17 FRY'S ELECTRONICS, INC. AND           Complaint Filed:  February 28, 2008
   DOES 1 THROUGH 20, inclusive,         Trial Date:  None Set
18

19              Defendants.

20

21

22

23

24

25

26

27

28

EXHIBIT____ PAGE 30

-1-

W02-WEST:1MMS1:400700161                      FRY'S ELECTRONICS, INC.'S ANSWER TO

1  Defendant Fry's Electronics, Inc. ("Defendant"), on behalf of itself and no other

2  defendant, answers the unverified Complaint on file in this action as follows:

3  Pursuant to the provisions of California Code of Civil Procedure, § 431.30,

4  Defendant denies generally the allegations of Plaintiffs' Complaint, and further denies that

5  Plaintiffs have been damaged in any amount, or at all.

6

7  **AFFIRMATIVE DEFENSES**

8  FIRST AFFIRMATIVE DEFENSE

9  (Exemption)

10  1.    To the extent that Plaintiffs and any putative class members were classified

11  as exempt, they were properly classified pursuant to: (1) Section 13 of the Fair Labor

12  Standards Act, ("FLSA") 29 U.S.C. § 213, and the federal regulations interpreting the

13  same, as well as (2) the California Labor Code, the state regulations interpreting the same,

14  and the applicable California Wage Orders.

15

16  SECOND AFFIRMATIVE DEFENSE

17  (Inapplicability of Overtime Requirements)

18  2.    The overtime requirements in the FLSA, California Labor Code, California

19  Wage Orders, and any other applicable statutes of any state do not apply to Plaintiffs

20  because Plaintiffs fall within exemptions and exclusions specified therein.

21

22  THIRD AFFIRMATIVE DEFENSE

23  (Defense To Liquidated Damages)

24  3.    Defendant denies that it violated the FLSA. Notwithstanding its denial,

25  Defendant is informed and believes and upon that basis alleges, that any such actions on its

26  part, if any, were done in good faith and based upon reasonable grounds and that any such

27  actions were not in violation of the FLSA. Therefore, if judgment is rendered against

28  Defendant, Plaintiffs are not entitled to liquidated damages or are entitled only to a

1  reduced liquidated damages pursuant to the FLSA.

2

3                        FOURTH AFFIRMATIVE DEFENSE

4                             (Lack of Standing)

5       4.      Defendant is informed and believes and, based thereon, alleges that Plaintiffs

6  lack standing to assert the Complaint or any purported claim for relief alleged therein on

7  behalf of themselves and others.

8

9                        FIFTH AFFIRMATIVE DEFENSE

10                         (Legitimate Business Purpose)

11      5.      Defendant alleges that it cannot be liable for any alleged violation of

12  California Business and Professions Code section 17200, *et seq.*, because its actions,

13  conduct, and dealings with its employees were lawful, and were carried out in good faith

14  for legitimate business purposes.

15

16                        SIXTH AFFIRMATIVE DEFENSE

17                            (ERISA Preemption)

18      6.      Plaintiffs' claims for loss of vacation benefits are preempted by the

19  Employee Retirement Income Security Act of 1974.

20

21                        SEVENTH AFFIRMATIVE DEFENSE

22                           (Failure to Arbitrate)

23      7.      This Court has no jurisdiction over the subject matter of the Complaint, nor

24  over the subject matter of any of the purported causes of action alleged therein because the

25  controversies alleged in the Complaint and each cause of action therein are subject to a

26  written agreement to arbitrate.

27

28

EXHIBIT___1___ PAGE___32___

Exhibit B
Page 27

EIGHTH AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

8.    Neither the Complaint, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action against Defendant.

NINTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

9.    The Complaint, and each purported cause of action alleged therein is barred, in whole or in part, because Plaintiffs failed to exhaust available administrative remedies.

TENTH AFFIRMATIVE DEFENSE

(Performance of Duties)

10.    Defendant has fully performed any and all statutory and other duties owed to Plaintiffs, and Plaintiffs are therefore estopped to assert any claim for relief against Defendant.

ELEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

11.    Plaintiffs are estopped by their conduct from asserting the causes of action contained in their Complaint.

TWELFTH AFFIRMATIVE DEFENSE

(Consent)

12.    The alleged causes of action are barred, in whole or in part, because of Plaintiffs' ratification, agreement, acquiescence or consent to Defendant's alleged conduct.

1  <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

2  (Mitigation of Damages)

3      13.    Plaintiffs have failed to mitigate damages, and to the extent of such failure to

4  mitigate, any damages awarded to Plaintiffs should be reduced or barred accordingly.

5

6  <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

7  (Lack of Specificity)

8      14.    Plaintiffs' cause of action for unfair business practices in violation of

9  California Business and Professions Code section 17200, *et seq.*, is barred because it fails

10  to plead specific facts capable of stating a claim for unfair business practices.

11

12  <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

13  (Safe Harbor)

14      15.    Plaintiffs' claim based upon California Business and Professions Code

15  section 17200, *et seq.*, is barred because the conduct alleged falls within a safe harbor.

16

17  <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

18  (Lack of Actual Injury)

19      16.    Each and every cause of action in Plaintiffs' Complaint is barred, in part or in

20  whole, because Plaintiffs and the putative class members did not suffer actual injury.

21

22  <u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

23  (No Availability of Damages)

24      17.    Pursuant to California Business & Professions Code section 17200, *et seq.*,

25  Plaintiffs are not entitled to an award of damages.

26

27

28

W02-WEST:3MMS1:400770916.1                  FRY'S ELECTRONICS, INC.'S ANSWER TO

EXHIBIT \_\_1\_\_ PAGE \_\_34\_\_

1      EIGHTEENTH AFFIRMATIVE DEFENSE

2      (Statute of Limitations)

3          18.    Each and every cause of action in Plaintiffs' Complaint is barred, in part or in

4   whole, by applicable statutes of limitations, including California Civil Procedure Code

5   sections 335.1, 337, 338, 339, 340(a), California Business & Professions Code section

6   17208 and any other statutes that may be found to apply.

7

8      NINETEENTH AFFIRMATIVE DEFENSE

9      (Comparative Fault/Bad Faith)

10         19.    Plaintiffs and other persons and entities other than Defendant have acted in

11   bad faith with respect to the matters alleged in the Complaint and are otherwise at fault.

12   By reason of Plaintiffs' bad faith and comparative fault, Plaintiffs' right of recovery from

13   Defendant, if any, should be reduced by that amount which the negligence, bad faith and

14   fault of persons and entities other than Defendant, including Plaintiffs, contributed to any

15   damages.

16

17      TWENTIETH AFFIRMATIVE DEFENSE

18      (Unclean Hands)

19         20.    By virtue of Plaintiffs' conduct, they have unclean hands and are thereby

20   barred from any relief in this action.

21

22      TWENTY-FIRST AFFIRMATIVE DEFENSE

23      (Waiver)

24         21.    Plaintiffs' Complaint and each cause of action therein is barred by the

25   doctrine of waiver.

26

27

28

1

TWENTY-SECOND AFFIRMATIVE DEFENSE

2

(Laches)

3    22.    Any recovery by Plaintiffs is barred, in whole or in part, by the equitable

4  doctrine of laches.

5

6

TWENTY-THIRD AFFIRMATIVE DEFENSE

7

(Privilege)

8    23.    Plaintiffs' Complaint, and each and every cause of action asserted therein, is

9  barred for the reason that each and every act of Defendant was a good faith exercise of

10  Defendant's rights and, therefore, was privileged under the law.

11

12

TWENTY-FOURTH AFFIRMATIVE DEFENSE

13

(No Attorneys' Fees)

14    24.    Plaintiffs' purported causes of action fail to state facts sufficient to entitle

15  Plaintiffs to an award of attorneys' fees in any amount.

16

17

TWENTY-FIFTH AFFIRMATIVE DEFENSE

18

(Defendant Entitled to Attorneys' Fees)

19    25.    Defendant is entitled to an award of attorneys' fees if it is the prevailing party

20  in this civil action.

21

22

TWENTY-SIXTH AFFIRMATIVE DEFENSE

23

(Setoff, Offset, Recoupment)

24    26.    Some or all of the purported causes of action in the Complaint are subject to

25  setoff, offset and/or recoupment.

26

27

28

W02-WEST:8MMS1:400770916.1                    FRY'S ELECTRONICS, INC.'S ANSWER TO

EXHIBIT___1___ PAGE _36_

Exhibit B
Page 31

1                <u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

2                (California Code of Civil Procedure Section 382)

3          27.      The Complaint does not state facts sufficient to certify a class pursuant to

4 California Code of Civil Procedure section 382, and this action is not properly brought as a

5 class action.

6

7                <u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

8                (Improper Class Representatives)

9          28.      Defendant is informed and believes that the named Plaintiffs are not proper

10 representatives of the class that Plaintiffs purport to represent and, accordingly, this action

11 is not properly brought as a class action.

12

13                <u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u>

14                (No Damages)

15          29.      Plaintiffs have not suffered any damages as a result of any actions taken by

16 Defendant or its agents and Plaintiffs are therefore barred from asserting any cause of

17 action against Defendant.

18

19                <u>THIRTIETH AFFIRMATIVE DEFENSE</u>

20                (No Proper Representative Claims)

21          30.      None of the causes of action alleged in the Complaint are appropriate for

22 resolution on a representative basis.

23

24                <u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u>

25                (Speculative Damages)

26          31.      Plaintiffs cannot recover any of the damages alleged in the Complaint

27 because such damages, if any, are too speculative to be recoverable at law.

28

W02-WEST:3MMS1:400770916.1              FRY'S ELECTRONICS, INC.'S ANSWER TO

EXHIBIT __1__ PAGE __37__

1

## THIRTY-SECOND AFFIRMATIVE DEFENSE

2

(No Equitable Relief)

3    32.    Plaintiffs' demand for equitable and injunctive remedies is barred, in whole

4 or in part, as monetary damages would provide an adequate remedy for any harm allegedly

5 suffered by Plaintiffs.

6

7

## THIRTY-THIRD AFFIRMATIVE DEFENSE

8

(Civil Penalties Unconstitutional – Due Process)

9    33.    The penalties sought in Plaintiffs' Complaint violate the Due Process Clauses

10 of the United States and California Constitutions.

11

12

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

13

(Taking)

14    34.    Defendant is informed and believes and based upon such information and

15 belief alleges that any award of restitution and/or disgorgement against Defendant pursuant

16 to Business and Professions Code section 17200, *et seq.*, would constitute a taking of

17 property without just compensation in violation of the Takings Clause of the Fifth

18 Amendment to the United States Constitution (as incorporated by the Due Process Clause

19 of the Fourteenth Amendment of the United States Constitution) and Article I, Section 19

20 of the California Constitution.

21

22

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

23

(No Predicate Violation Of Law)

24    35.    Plaintiffs cannot establish a predicate violation of law by Defendant

25 sufficient to maintain a cause of action pursuant to California Business and Professions

26 Code section 17200, *et seq.* Further, Plaintiffs' claims for Violation of Business and

27 Professions Code section 17200, *et seq.*, are barred to the extent they are based upon the

28 purported violation of a statute or regulation that is of purely regulatory import, or

1   otherwise does not define "unlawful" conduct.

2

3                  THIRTY-SIXTH AFFIRMATIVE DEFENSE

4                      (Improper Delegation of Powers)

5        36.    To the extent that Plaintiffs purport to seek relief pursuant to California

6   Business and Professions Code section 17200, *et seq.*, on behalf of members of the general

7   public, Defendant is informed and believes and based upon such information and belief

8   allege that the Complaint seeks the application of the law of California in a manner that

9   would improperly delegate the executive branch's prosecutorial power to private parties, in

10  contravention of the separation of powers doctrine set forth in Article III, Section 3 of the

11  California Constitution, and would violate the provisions of Article V of the California

12  Constitution vesting the State's executive power in the executive branch, by authorizing

13  private plaintiffs to purport to bring suit on behalf of the interests of the general public.

14

15                 THIRTY-SEVENTH AFFIRMATIVE DEFENSE

16                   (Improper Expansion of Judicial Powers)

17       37.    Defendant is informed and believes and based on such information and belief

18  allege that the Complaint seeks to apply California Business and Professions Code

19  section 17200, *et seq.*, in a manner that would impermissibly enlarge the powers of the

20  judiciary, in contravention of the Due Process Clause of Article I, Section 7 of the

21  California Constitution, the separation of powers doctrine and the provisions of Article VI

22  of the California Constitution vesting the State's judicial power in the judicial branch, and

23  by purporting to expand the Court's jurisdiction to include the power to order a defendant

24  to pay restitution for injuries allegedly suffered by non-parties.

25

26

27

28

1

2 <u>THIRTY-EIGHTH AFFIRMATIVE DEFENSE</u>

3 (Excessive Fines Clause of the United States and California Constitutions)

4      38.      Defendant is informed and believes, and based upon such information and

5 belief alleges, that any award of damages, penalties, restitution and/or disgorgement

6 against Defendant pursuant to California Business and Professions Code section 17200, *et*

7 *seq.*, would violate the Excessive Fines Clauses of the Eighth Amendment (as incorporated

8 by the Due Process Clause of the Fourteenth Amendment to the United States

9 Constitution) and Article I, Section 17 of the California Constitution.

10

11 <u>THIRTY-NINTH AFFIRMATIVE DEFENSE</u>

12 (Putative Members Not Similarly Situated)

13      39.      Plaintiffs cannot maintain a representative or class action because they are

14 not similarly situated with the putative class members.

15

16 <u>FORTIETH AFFIRMATIVE DEFENSE</u>

17 (Failure to Pay Not Willful)

18      40.      Assuming arguendo that Defendant failed to pay Plaintiffs or putative class

19 members all wages, Defendant cannot be held liable because the failure to pay was not

20 willful.

21

22 <u>FORTY-FIRST AFFIRMATIVE DEFENSE</u>

23 (No Waiting Time Penalties -- Good Faith Dispute)

24      41.      Plaintiffs cannot recover waiting time penalties because any alleged failure

25 to pay wages was based on a good faith dispute regarding the applicable law or facts.

26

27

28

-11-

EXHIBIT __1__ PAGE __45__ ... ELECTRONICS, INC'S ANSWER ...

1

<u>FORTY-SECOND AFFIRMATIVE DEFENSE</u>

2

(Primary Jurisdiction Doctrine)

3    42.    The Complaint, and each purported cause of action alleged therein, should be

4  abated in the Court's discretion, and Plaintiffs should be forced to pursue their

5  administrative remedies with the California Division of Labor Standards Enforcement,

6  which has primary jurisdiction over Plaintiffs' claims.

7

8

<u>FORTY-THIRD AFFIRMATIVE DEFENSE</u>

9

(Excuse)

10    43.    Any performance required of Defendant was excused by virtue of Plaintiffs'

11  and putative class members' prior conduct.

12

13

<u>FORTY-FOURTH AFFIRMATIVE DEFENSE</u>

14

(After-Acquired Evidence)

15    44.    In the event that Defendant discovers any after-acquired evidence, Plaintiffs'

16  claims against Defendant and/or the relief sought by Plaintiffs against Defendant would be

17  barred by the doctrine of after-acquired evidence.

18

19

<u>FORTY-FIFTH AFFIRMATIVE DEFENSE</u>

20

(Res Judicata, Bar and Merger, Settlement/Release)

21    45.    The causes of action set forth in the Complaint and in each of the purported

22  causes of action alleged therein were previously litigated and are subject to a

23  court/arbitrator-approved settlement agreement. The settlement obtained by Defendant in

24  prior proceedings constitutes a complete or partial bar to the present action.

25

26

27

28

1

FORTY-SIXTH AFFIRMATIVE DEFENSE

2

(Accord and Satisfaction)

3

4      46.    The causes of action set forth in the Complaint and in each of the purported

5 causes of action alleged therein are barred by the doctrines of accord and satisfaction.

6

7

FORTY-SEVENTH AFFIRMATIVE DEFENSE

8

(Reservation of Right to Amend Answer)

9      47.    Defendant hereby gives notice that it intends to rely on such other and

10 further affirmative defenses as may become available during discovery in this action and

11 reserves the right to amend this answer to assert any such defense.

12

13      WHEREFORE, Defendant prays as follows:

14

15      1.    That Plaintiffs take nothing by their Complaint and that judgment be entered

16 in favor of Defendant;

17

18      2.    That Defendant recovers its attorneys' fees and costs incurred in defending

19 this action; and

20

21

22

23

24

25

26

27

28

W02-WEST:8MMS1:400776916.2        FRY'S ELECTRONICS' INJURY ANSWER TO

EXHIBIT __1__ PAGE __43__

1    3.    For such other and further relief as the Court deems proper.

2

3    Dated:  April 2, 2008

4                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6                        By

7                              RICHARD J. SIMMONS
                              MATTHEW M. SONNE
8                              Attorney for Defendant
                              FRY'S ELECTRONICS, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

EXHIBIT___1___ PAGE __44__

Exhibit B
Page 38

1   Case Name:  Manuel Rubio et al. v. Fry's Electronics, Inc.
2   Case No.:    Santa Clara County Superior Court Case No. 108CV-106994

3

4                **PROOF OF SERVICE BY MAIL – CCP §§ 1013 (a)**

5        I, the undersigned, declare and state that I am over 18 years of age, employed in the City

6 of San Jose, County of Santa Clara, California, and not a party to this action.  My business

7 address is 600 E. Brokaw Road, San Jose, CA 95112.  I am readily familiar with my

8 employer's business practice for collection and processing of correspondence for mailing with

9 the United States Postal Service.

10        On April 2, 2008, following ordinary business practice, I served **DEFENDANT FRY'S**

11 **ELECTRONICS, INC.'S ANSWER TO COMPLAINT** on parties in said cause by placing,

12 on that date at my place of business, a true copy thereof enclosed in a sealed envelope for

13 collection and mailing with the United States Postal Service where it would be deposited with

14 the United States Postal Service that same day in the ordinary course of business, addressed as

15 follows:

16 **Peter K. Levine, Esq.**
**Law Offices of Peter K. Levine**
17 **5455 Wilshire Blvd Suite 1250**
18 **Los Angeles, CA 90036**

19

20        I declare under penalty of perjury under the laws of the State of California that the
forgoing is true and correct.
21

22
**DATED:**  APRIL 2, 2008
23                             Charlotte Nguyen
24

25

26

27

28

PROOF OF SERVICE BY MAIL – DEFENDANT FRY'S ELECTRONICS, INC.'S ANSWER TO
COMPLAINT

EXHIBIT 1 PAGE 45

# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL
FILED

08 APR -3 PM 1:38

MANUAL RUBIO, ET AL.,

Plaintiff (s),

v.

FRY'S ELECTRONICS, INC, ET AL.,

Defendant(s).

No. C 08-01799 RS

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

IT IS HEREBY ORDERED that this action is assigned to the Honorable Richard Seeborg.
When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all
other parties a copy of this order , the Notice of Assignment of Case to a United States
Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must
comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize
themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern
District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited
number of printed copies are available from the Clerk's Office for parties in cases not subject to the
court's Electronic Case Filing program (ECF).

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 4/3/2008 | Notice of removal filed | |
| 7/2/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 7/16/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R. 16-9 |
| 7/23/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 4, 5th Floor, SJ at 2:30 PM | Civil L.R. 16-10 |

* If the Initial Case Management Conference is continued, the other deadlines are continued
accordingly.

EXHIBIT 2 PAGE 46

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
MAGISTRATE JUDGE RICHARD SEEBORG

## STANDING ORDER RE: INITIAL CASE MANAGEMENT

1.  In cases that are randomly assigned to Judge Seeborg for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

2.  The civil motion calendar is heard on Wednesdays at 9:30 a.m. The criminal motion calendar is heard on Thursdays at 9:30 a.m. Motions may be noticed for hearing pursuant to Civil L.R. 7. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

3.  Case Management and Pretrial Conferences are heard on Wednesdays at 2:30 p.m.

4.  Parties with questions regarding scheduling of settlement conferences should contact Judge Seeborg's judicial assistant at 408/535-5357. All other scheduling questions should be addressed to Judge Seeborg's courtroom deputy at 408/535-5346.

5.  A Case Management Conference will be held on the date and time specified in the Order Setting Initial Case Management Conference in Courtroom 4, United States Courthouse, 280 South First Street, San Jose, California. This conference may be continued only by Court Order pursuant to Civil L.R. 16-2(e). Parties may not stipulate to continue a case management conference without Court approval.

6.  Pursuant to Rule 26(f), F.R.Civ.P. and Civil Local Rule 16-3, no later than 21 days before the Case Management Conference, each party shall confer to consider and discuss: (1) the nature and basis of their claims and defenses; (2) possibilities for a prompt settlement or resolution of the case; (3) exchanging the initial disclosures required by Rule 26(a)(1), F.R.Civ.P.; (4) developing a proposed discovery plan with suitable limits; and (5) preparation of a joint case management statement.

7.  The parties shall also consider the selection of an ADR (Alternative Dispute Resolution) process. See "Dispute Resolution Procedures in the Northern District of California" handbook. Pursuant to Civil Local Rule 16-8(b) and ADR Local Rule 3-5, no later than the date specified in the Order Setting Initial Case Management Conference, each party shall file and serve an ADR Certificate.

8.  Pursuant to Civil L.R. 16-9, no later than seven (7) days before the Case Management Conference, the parties shall file a Joint Case Management Statement and Proposed Order (see sample form attached hereto). If preparation of a joint statement would cause undue hardship, the parties may serve and file separate statements, which shall include a description of the undue hardship.

EXHIBIT 2 PAGE 47

9.  Discovery motions may be addressed to the Court in three ways: a motion may be
    noticed on not less than 35 days' notice pursuant to Civil L.R. 7-2. Alternatively, any
    party may seek an order shortening time under Civil L.R. 6-3 if the circumstances justify
    that relief. In emergencies during discovery events (such as depositions), any party
    may contact the Court to ask if the Judge is available to address the problem pursuant
    to Civil L.R. 37-1(b). In the event a discovery dispute arises, counsel for the party
    seeking discovery shall in good faith confer with counsel for the party failing to make
    the discovery in an effort to resolve the dispute without court action, as required by
    Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). A declaration setting forth these meet and
    confer efforts, and the final positions of each party, shall be included in the moving
    papers. The Court will not consider discovery motions unless the moving party has
    complied with Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). The parties are discouraged
    from attaching letters between counsel as exhibits to discovery motions.

10. Plaintiff or removing Defendant shall serve a copy of this Standing Order on all parties
    to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P
    4 and 5. Following service, Plaintiff shall file a certificate of service, in accordance with
    Civil L.R. 5-6.

IT IS SO ORDERED.

Dated: January 26, 2005

Richard Seeborg
United States Magistrate Judge

EXHIBIT ___2___ PAGE ___48___

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.      Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.      Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.      Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.      Motions: All prior and pending motions, their current status, and any anticipated motions.

5.      Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.      Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.      Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.      Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.      Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any

EXHIBIT 2 PAGE 49

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

EXHIBIT 2   PAGE 50

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Case No. _____

STANDING ORDER REGARDING

CASE MANAGEMENT IN CIVIL CASES

This order sets forth requirements for initial case management in all civil matters assigned to District Judges James Ware, Ronald M. Whyte and Jeremy Fogel, and Magistrate Judges Patricia V. Trumbull, Richard Seeborg, and Howard R. Lloyd. All papers filed must include the case number of the action followed by the initials of the assigned district judge or magistrate judge and, if applicable, the initials of the magistrate judge to whom the action is referred for discovery or other pretrial activity.

Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff shall file a certificate of service in accordance with Civil L.R. 5-6(a).

All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a). Magistrate judges themselves handle disclosure and discovery disputes in the cases assigned to them.

Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Ware may be noticed for hearing on any Monday at 9:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for hearing on any Friday at 9:00 a.m.

EXHIBIT 2   PAGE 51

1    Civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for hearing only

2    after contacting Judge Fogel's judicial secretary, Teresa Fleishman, at 408-535-5426 and obtaining an available

3    date.

4    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Trumbull may be noticed for

5    hearing on any Tuesday at 10:00 a.m.

6    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Seeborg may be noticed for

7    hearing on any Wednesday at 9:30 a.m.

8    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be noticed for

9    hearing on any Tuesday at 10:00 a.m.

10    Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference will be

11    held on _____ at _____, at the United States Courthouse, 280

12    South First Street, San Jose, California. This conference may be continued only by court order pursuant to Civil

13    L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without court approval.

14    Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall confer with

15    their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P. 26(f), Civil L.R. 16-8

16    and 16-9, and in patent cases, Patent L.R. 3.1 through 3.6. A meaningful meet and confer process prior to the

17    Case Management Conference and good faith compliance with the requirements of this Order are essential

18    elements of effective case management. Failure to meet and confer, to be prepared for the Case Management

19    Conference or to file a Joint Case Management Conference Statement may result in sanctions. Parties may, but

20    are not required, to attend the Case Management Conference.

21    In all "E-filing" cases when filing papers in connection with any motion for determination by a judge,

22    the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by

23    the close of the next court day following the day the papers are filed electronically. These printed copies shall be

24    marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the

25    judge's name, case number and "E-filing Chambers Copy." Parties shall not file a paper copy of any document

26    with the Clerk's Office that has already been filed electronically.

27    IT IS SO ORDERED.

28    Dated: Effective on the date this order is filed, until further court order.

2

EXHIBIT 2 PAGE 53

James Ware
United States District Judge

Ronald M. Whyte
United States District Judge

Jeremy Fogel
United States District Judge

Patricia V. Trumbull
United States Chief Magistrate Judge

Richard Seeborg
United States Magistrate Judge

Howard R. Lloyd
United States Magistrate Judge

3

EXHIBIT 2 PAGE 54

# EXHIBIT 3
# 1 of 2

OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK

280 SOUTH FIRST STREET
SAN JOSE, CA. 95113
408-535-5364

## WELCOME TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, CLERK'S OFFICE, SAN JOSE DIVISION

In addition to the Local Rules, the following guidelines have been provided to ensure that the filing process is accomplished with ease and accuracy. Please help us to assist in making your visit to the U.S. District Court Clerk's Office productive and worthwhile.

1.  When submitting a Proof of Service that is not attached to the back of a document, you must attach a cover sheet showing case caption and number in accordance with the Local Rules.

2.  Appropriate sized self-addressed envelopes are to be included with proposed orders or when filing documents by mail.

3.  In order to facilitate the file stamping process, original documents should be submitted on top of their copies. In other words, group like or corresponding documents together.

4.  This office will **retain the ORIGINAL plus ONE COPY of most documents** submitted. We will conform as many copies as you bring (*within reason*) for your use.

5.  The copies retained go directly to the assigned judge or magistrate judge. *Courtesy copies, or instructions for couriers to delivery a copy directly to chambers are inappropriate unless you have been instructed to do so by court order.*

6.  The document caption should include the appropriate judge or magistrate judge who is involved in that particular matter or before whom an appearance is being made.

7.  The case number must include the initials of the judge and magistrate judge as well as the initials designating the case to Early Neutral Evaluation (ENE) or Arbitration (ARB).

8.  The case number must include whether it is a civil or criminal matter by the inclusion of a "C" or "CR" at the beginning of the number.

9.  Documents must be **stapled and/or ACCO fastened** at the top. **NO BINDER CLIPS OR RUBBER BANDS PLEASE.**

10. Two holes-punched at the top of bulky or thick documents at the top of pages will facilitate processing.

EXHIBIT 3 PAGE 55

NORTHERN DISTRICT OF CALIFORNIA SAN JOSE DIVISION
CRIMINAL AND CIVIL LAW AND MOTION/TRIAL/SETTLEMENT/CASE
MANAGEMENT/DISMISSAL HEARING SCHEDULES

## FOGEL (JF) - COURTROOM #3, 5TH FLOOR

| | | |
|---|---|---|
| Civil: | Friday | @ 9:00 A.M. |
| Criminal: | Wednesday | @ 9:00 A.M. |
| CMC: | Friday | @ 10:30 A.M. |
| Pretrial: | Friday | @ 11:00 A.M. & (10) days before Trial |
| Trial: Jury Selection: | Friday | @ 1:30 P.M. |

## LLOYD (HRL) - COURTROOM #2, 5TH FLOOR

| | | |
|---|---|---|
| Civil: | Tuesdays | @ 10:00 A.M. |
| Criminal: | Thursdays | @ 9:30 A.M. |
| CMC: | Tuesdays | @ 1:30 P.M. |
| Pretrial: | Tuesday | @ 1:30 P.M. |

## TRUMBULL (PVT) - COURTROOM #5, 4TH FLOOR

| | | |
|---|---|---|
| Civil: | Tuesday | @ 10:00 A.M. |
| Criminal: | Thursday | @ 9:30 A.M. & 2:00 P.M. |
| Stat/CMC: | Tuesday | @ 2:00 P.M. |
| Pretrial: | Tuesday | @ 2:00 P.M. |
| Trial: | Monday | @ 9:30 A.M. |

## WARE (JW) - COURTROOM #8, 4TH FLOOR

| | | |
|---|---|---|
| Civil: | Monday | @ 9:00 A.M. |
| Criminal: | Monday | @ 1:30 P.M. |
| CMC: | Monday | @ 10:00 A.M. |
| Criminal Pretrial: | Monday | @ 1:30 P.M. |
| Civil Pretrial: | Monday | @ 3:00pm & two weeks before Trial |
| Trial: Jury Selection: | Tuesday | @ 9:00 A.M. |
| Testimony: | Tuesday/ Wednesday/Thursday/Friday | |

## SEEBORG (RS) - COURTROOM #4, 5TH FLOOR

| | | |
|---|---|---|
| Civil: | Wednesday | @ 9:30 A.M. |
| Criminal: | Thursday | @ 9:30A.M. |
| CMC: | Wednesday | @ 2:30 P.M. |
| Pretrial: | Wednesday | @ 1:30 P.M. |
| Trial: | Monday | @ 9:00A.M. |

## WHYTE (RMW) - COURTROOM #6, 4TH FLOOR

| | | |
|---|---|---|
| Civil: | Friday | @ 9:00 A.M. |
| Criminal: | Monday | @ 9:00 A.M. |
| CMC: | Friday | @ 10:30 A.M. |
| Pretrial: | Thursday | @ 2:00 P.M. and 20 days before Trial |
| Trial: | Monday | @ 1:30 P.M. |

Rev: 3/13/01:tg
Updated: 08/08/02
Updated:4/22/04:bjw
Updated 11/29/05bjw

EXHIBIT___3___ PAGE___56___

GENERAL ORDER NO. 40

PROHIBITION OF BIAS

Prologue

   The Court is committed to ensuring that all forms of bias and prejudice are eliminated from the practice of law in our district. Accordingly, the Court enacts the following General Order and shall amend its local rules to implement the policy set forth herein.  It should be noted that the General Order is intended to govern the conduct of attorneys and litigants since existing law already places a duty of fair treatment on judges and court employees. While the enforcement procedures set forth in paragraphs (2) through (6) apply only to attorneys, paragraph (1) calls upon all participants involved in court business to treat all individuals with respect and courtesy.

Duties and Procedures

   (1)  The practice of law before the United States District Court for the Northern District of California must be free from prejudice and bias in any form.  Treatment free of bias must be accorded all other attorneys, litigants, judicial officers, court-room jurors or support personnel.  The duty to exercise nonbiased behavior includes the responsibility to avoid comment or behavior manifesting prejudice or bias toward another.  This duty is owed by all attorneys, judges, judicial officers and court personnel in connection with cases pending before the district court.

EXHIBIT 3  PAGE 57

(2)   The purpose of the facilitation process set forth herein shall be principally to promote understanding and education through voluntary peer review of biased behavior.  To implement the policy set forth in paragraph (1), the Court shall appoint a committee of attorneys practicing in the Northern District to constitute the Advisory Committee on Professional Conduct ("the Committee").  The roster of the Committee shall remain on file with the Clerk of the Court.  It shall be the responsibility of the Committee, serving at the discretion of the Court as an advisory adjunct, to hear complaints of biased behavior and to provide a forum for the voluntary resolution of conflicts of this nature.

(3)   Upon being directly notified of an alleged violation of paragraph (1) or upon referral from the Court, the chair of the Committee shall, after consultation with the complaining party, appoint a member of the Committee or other appropriate, neutral facilitator who shall provide the parties a copy of this rule, and then attempt to facilitate a resolution of the matter.  When deemed necessary in a particular case by the Committee, the chair of the Committee may appoint a facilitator who is not on the roster.  Participation by the parties shall be voluntary, but the Court, by this rule, encourages participation.  All matters that are the subject of facilitation, including the names of the parties, shall remain absolutely confidential.

(4)   Attorneys are encouraged to resolve alleged violations of paragraph (1) informally, without resort to the processes set forth

2

EXHIBIT___3__ PAGE_58

herein.  If attempts at informal resolution fail or would be inappropriate, an alleged violation of paragraph (1) may be raised through:  a) referral to the Committee; or b) formal presentation to the Court.  When the matter has been presented to the Court, the Court has discretion to send the matter to the Committee for facilitation.  However, nothing in this rule shall affect the Court's inherent power to use its processes to ensure that the practice of law before the Court is free from bias.  Where a Judge or Magistrate Judge is alleged to have engaged in biased behavior, enforcement of paragraph (1) shall be made with reference to Title 28 U.S.C. §372(c) and to the Rules of the Judicial Council of the Ninth Circuit Governing Complaints of Judicial Misconduct or Disability.

(5)  All communications by the parties and witnesses pursuant to an investigation under this rule shall be deemed confidential.  Unless required by law, the Committee shall not retain written records of the facilitation processes.  However, the Committee may collect data on types of alleged violations or underlying anecdotes that might be useful in educational programs, provided that the identities of participants shall not be disclosed.

(6)  Notwithstanding the foregoing, any violation of paragraph (1) committed in the presence of the Court should be addressed promptly by the Court.  Any violation, whether or not committed in the presence of the Court (such as misconduct in the presence of witnesses or jurors), that affects the integrity of the judicial

3

EXHIBIT 3 PAGE 59

process should be promptly raised with the Court.

ADOPTED:  January 10, 1995

4

EXHIBIT 3  PAGE 60

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐ 1) **Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ 2) **Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ 3) **Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ 4) Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 AND 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

EXHIBIT 3  PAGE 61

**Submitting Initiating Documents**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case.  For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court.  You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system.  All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the **topic** of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

                    Version 5/14/2007

EXHIBIT___3___ PAGE _60_

**Questions**
Almost all questions can be answered in our **FAQs** at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

EXHIBIT __3__ PAGE __63__

## GENERAL ORDER NO. 45

## ELECTRONIC CASE FILING

I.    **Rules and Orders.**

A. Authorization.  Local Rule 5-4 authorizes electronic filing in conjunction with Federal Rule of Civil Procedure 5(e) and Federal Rule of Criminal Procedure 49(b) and (d).  The following policies shall govern electronic filing in this district.

B. Modification by the court.  In extraordinary circumstances in a particular case, a judge may modify these policies in the interest of justice.

C. Applicability of Other Rules and Orders.  Unless modified by approved stipulation or order of the court or a judge, all Federal Rules of Civil and Criminal Procedure, Local Rules, and orders of the court shall continue to apply to cases which are subject to electronic filing.

II.   **Definitions and Instructions.**

The following definitions and instructions shall apply to these policies regarding electronic filing:

A. The term "ECF" refers to the court's Electronic Case File program.

B. The term "ECF web site" refers to the official Electronic Case File Internet site of the Northern District of California at http://ecf.cand.uscourts.gov.

C. "Electronic Filing" refers to the process of logging in to the court web site and completing a transaction which includes the uploading of the document(s) comprising the filing to the court's system.  Sending a document by email does not constitute an electronic filing.

D. The term "party" shall include counsel of record.

E. An "ECF User", as set forth in Section 4 below, is a person who is registered to use the ECF site.  An ECF login is an attorney's individual electronic signature equivalent.

F. The "E-Mail Address of Record" is the e-mail address of each party to the case as maintained by the Clerk.

G. A "Notice of Electronic Filing" is generated automatically by the ECF system upon completion of an electronic filing.  The Notice of Electronic Filing when e-mailed to the e-mail addresses of record in the case acts as the proof of service.

H. All hours stated shall be Pacific time.

EXHIBIT __3__ PAGE __64__

I. All days are calculated according to the provisions of Federal Rule of Civil Procedure 6(a).

J. "PACER" is the Federal Judiciary's system for Public Access to Court Electronic Records. A PACER account is required for retrieving documents from the ECF system as it is for most Judiciary online systems. A firm may register for a PACER account by visiting the PACER Service Center's web site at http://pacer.psc.uscourts.gov.

K. Procedures and instructions for using the Court's ECF system consistent with these policies may be found on the ECF web site. The ECF web site, as well as providing access to filing and retrieval of documents, also contains instructions, a user manual, tutorials, an extensive posting concerned with Frequently Asked Questions ("FAQs"), bulletins of changes in the program, including its software, etc.

L. The term "PDF" refers to Portable Document Format, a specific computer file format which is the only format in which a document may be electronically filed. Information about PDF can be found on the ECF web site. (See also Sec. VI.B.)

III.    Selection of Cases.

Except for certain types of cases, all cases shall be presumptively designated for participation in the court's ECF program. A list of the types of cases exempt from e-filing may be found on the ECF web site. In the event that a pro se party obtains counsel in a case which had been excluded from e-filing because of pro se party status, the case will be automatically designated for the e-filing program.

IV.    Registration, Appearance and Access.

A. Obligation to Register. Each attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon notification that the action is subject to ECF. Registration shall be on a form prescribed by the Clerk. Attorneys of record who fail to register timely shall be subject to such sanctions as may be imposed by the Court.

B. Obligation to Keep Account Information Current. An e-filer login account is a permanent, individual electronic signature equivalent for a particular attorney. Registered attorneys are required to keep their account information current. Account information may be updated online at the ECF web site.

C. Notification of Appearance. Because the ECF system's e-mailed Notices of Electronic Filing (see Sec. II.G) will only be delivered to the original addressee, it is important to keep the list of counsel current. Counsel shall follow these instructions:
    1.) A Notice of Appearance should be filed whenever counsel joins a case.

2

EXHIBIT 3 PAGE 65

2.) In the event that counsel from the same firm replace one another as representatives of a client, a Notice of Substitution of Counsel shall be filed.
3.) In the event that a particular counsel ceases to be involved with a case when the party is still represented by other counsel, a Notice of Change in Counsel shall be filed.
4.) The withdrawal of a party's sole remaining counsel is governed by Civil Local Rule 11-5 and requires an order of the court.
5.) The replacement of one firm by another as counsel for a party also requires an order of the court.

Upon receipt of the preceding notifications, the Clerk of Court will update the record of appearances of counsel.

D.  Authorizing Use of User ID and Password by Others.  An ECF User may authorize another person to file a document using the User ID and Password of the ECF User, and the ECF User shall retain full responsibility for any document so filed.

E. Access.
    1.) Filing: Only an ECF user as defined in Section IV.A may file documents.
    2.) Retrieval: Any person may review at the clerk's office all filings, electronic or paper, that have not been sealed by the court.  Any person also may access the Electronic Filing System at the court's ECF web site by obtaining a PACER log-in and password.  Any person who has PACER access may retrieve online docket sheets in civil and criminal cases which are not sealed, and may retrieve online documents which are not sealed with the following exceptions:
        a.) Exceptions in Civil Cases: Any person who has PACER access may retrieve online electronically filed documents in civil cases other than Social Security appeals. Only counsel for a party to the case may retrieve online documents in a Social Security appeal.
        b.) Exceptions in Criminal Cases (Limited Access filings): Any person who has PACER access may retrieve online electronically filed documents in criminal cases, except that counsel in criminal cases may designate particular filings as "Limited Access" if they contain sensitive personal information. Any document, filed in response to a Limited Access filing, that also refers to the personal information shall also be designated as Limited Access.  The words **LIMITED ACCESS** shall be prominently displayed on any such documents so designated. Such documents can be retrieved at the clerk's office but may not be retrieved online.

V.    Filing and Service of Documents.

A.  Initiating Documents.  Complaints, indictments and informations, including superseding indictments and informations,  and other case-initiating documents shall be filed, any fees paid, and summons issued and served in the traditional manner on paper rather than electronically.  For cases subject to ECF pursuant to Section III. above, all

EXHIBIT____3___ PAGE__66

previously filed documents shall be submitted in electronic form (PDF format only) within ten days. Submission of initiating documents must be made by email rather than by e-filing. A list of email addresses for the submission of PDF documents may be found at the ECF web site. In Bankruptcy appeal and Social Security appeal cases, the record from the court or agency below shall not be submitted electronically, but shall be submitted on paper only. Failure to email PDF copies of initiating documents timely shall be subject to such sanctions as may be imposed by the Court.

B. Documents Filed on Paper in Cases Designated for ECF. Whenever a paper filing is made of any document in a case designated for e-filing, the document shall be submitted in electronic form (PDF format only) within ten days via email to the appropriate email address. A list of email addresses for the submission of PDF documents may be found at the ECF web site.

C. Documents E-Filed in Cases Not Designated for ECF. Filings in cases not designated for electronic filing should be made on paper only. In the event a document is e-filed in a case not designated for electronic filing, the document must be submitted to the court for the purpose of completing the paper file; the document should not be filed again. The filer of the document should mark the paper copy clearly with "E-filed on [date]. Copy for paper file".

D. Service and Answer. Upon the filing of a complaint in an action which is subject to ECF, the plaintiff(s) shall serve notice upon the defendant(s) that the action is subject to ECF, and shall serve the ECF handout, received by the filer at the time of opening the case which contains information necessary for registration, together with the complaint. The defendant shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the defendant is a registered ECF User pursuant to Section II.D above, the answer shall be filed electronically. If the defendant is unable to electronically file the answer or other responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the answer or other responsive documents in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site, for attachment to docket entries previously made by the Clerk's Office.

/I.    Electronic Filing.

A. Generally. In any case subject to electronic filing, all documents required to be filed with the Clerk shall be filed electronically on the ECF web site, except as provided otherwise in Section VII or authorized otherwise by the court.

B. Format. Documents filed electronically must be submitted in the PDF format. Documents which the filer has in an electronic format must be converted to PDF from the word processing original, not scanned, to permit text searches and to facilitate transmission

4

EXHIBIT __3__ PAGE __67__

and retrieval. Only documents of which the filer possesses only a paper copy may be scanned to convert them to PDF format. (See Section X. for rules governing the filing of documents with signatures not those of the e-filer.)

C. Completion of Filing. Electronic transmission of a document consistent with the procedures adopted by the court shall, upon the complete receipt of the same by the Clerk and together with the receipt of a Notice of Electronic Filing from the court, constitute filing of the document for all purposes of the Federal Rules of Civil and Criminal Procedure and the Local Rules of this Court, and shall constitute entry of that document onto the docket maintained by the Clerk pursuant to Federal Rules of Civil Procedure 58 and 79, and to Federal Rules of Criminal Procedure 49 and 55.

D. Deadlines. Filing documents electronically does not alter any filing deadlines. All electronic transmissions of documents must be completed (i.e., received completely by the Clerk's Office) prior to midnight in order to be considered timely filed that day. Where a specific time of day deadline is set by Court order or stipulation, the electronic filing shall be completed by that time. Although parties can file documents electronically 24 hours a day, attorneys and parties are strongly encouraged to file all documents during normal working hours of the Clerk's Office when assistance is available.

E. Technical Failures. The Clerk shall deem the ECF web site to be subject to a technical failure on a given day if the site is unable to accept filings continuously or intermittently over the course of any period of time greater than one hour after 12:00 noon that day, in which case filings due that day which were not filed due solely to such technical failures shall become due the next business day. Such delayed filings shall be accompanied by a declaration or affidavit attesting to the filing person's failed attempts to file electronically at least two times after 12:00 noon separated by at least one hour on each day of delay due to such technical failure. The initial point of contact for any practitioner experiencing difficulty filing a document into the ECF system shall be the toll-free number posted on the ECF web site.

F. Docket. The record of filings and entries created by the ECF system for each case shall constitute the docket.

G. Courtesy Copies. In all cases subject to ECF, in addition to filing papers electronically, the parties are required to lodge for chambers no later than noon on the business day following the day that the papers are filed electronically, one paper copy of each document that is filed electronically. These printed copies shall be marked "Chambers Copy" and shall be clearly marked with the judge's name, case number, and "Chambers Copy-Do Not File." The printed copies shall be delivered to the Clerk's Office. Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

VII.    Manual Filing.

EXHIBIT 3 PAGE 68

A. Generally. Parties otherwise participating in ECF may be excused from filing a particular component electronically if it is not available in electronic format and it is not feasible for the filer to convert it to electronic format by scanning it. Such component shall not be filed electronically, but instead shall be manually filed with the Clerk of Court and served upon the parties in accordance with the applicable Federal Rules of Civil and Criminal Procedure and the Local Rules for filing and service of non-electronic documents. Parties manually filing a component shall file electronically a Manual Filing notification setting forth the reason(s) why the component cannot be filed electronically. Further information regarding the notification of the manual filing of a document can be found on the ECF web site.

1. Exhibits. Exhibits whose electronic original is not available to the filer and must therefore be scanned to PDF should be filed electronically only when the size of the document does not exceed the limit specified on the ECF web site. Scanning documents often produces files which are too large to be readily usable. Exhibits which are filed on paper because they are too large to scan should be represented in the electronic filing by a Notice of Manual Filing attached in place of the actual document.

B. Exclusions. Some types of documents shall only be filed conventionally and not electronically unless specifically authorized by the court. A list of documents to be filed manually may be found on the ECF web site.

VIII. Proposed Orders.

A. Generally. In addition to being filed, proposed orders in cases designated for e-filing shall be lodged with the court by being transmitted by electronic mail to the specific addresses for that purpose which may be found on the ECF web site.

B. Format. Documents transmitted pursuant to this section shall be submitted in an approved format, a list of which can be found on the ECF web site. When a proposed order accompanies a filing, a copy of the proposed order in PDF format should also be attached to its electronically filed document (e.g., stipulations and motions.)

IX. Service of Electronically Filed Documents.

A. Generally. Parties in cases subject to ECF shall make available electronic mail addresses for service. Upon the filing of a document by a party, an e-mail message will be automatically generated by the electronic filing system and sent to all parties in the case. Receipt of this message shall constitute service on the receiving party. In addition to receiving e-mail notifications of filing activity, the parties are strongly encouraged to check the docket in their case on the electronic filing system at regular intervals. A PACER account will be necessary to check the electronic docket.

EXHIBIT __3__ PAGE __69__

B. Parties in Cases Subject to ECF.  The automatic e-mail message generated by the ECF system and sent to all parties whose e-mail addresses have been registered in the case, as described in Section A. above, shall constitute service on the attorney or other persons in a case subject to ECF.

C. Parties Who Have Not Registered as ECF Users.

> 1.  Third Party Defendants.  Upon the filing of a third-party complaint in an action which is subject to ECF, the third-party plaintiff(s) shall serve notice upon the third-party defendant that the action is subject to ECF, and shall serve the ECF handout, received by the filer at the time of opening the case which contains information necessary for registration, together with the third-party complaint.  The third-party defendant shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the third-party defendant is a registered ECF User pursuant to Section II.D above, the third-party answer shall be filed electronically.  If the third-party defendant is unable to electronically file the answer or other responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the answer or other responsive documents in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site,  for attachment to docket entries previously made by the Clerk's Office.

> 2.  Others.  In an action subject to ECF, when service of a document other than a third-party complaint is required to be made upon a person who is not a registered ECF User, a paper copy of the document shall be served on the person (as otherwise required by the Federal Rules of Civil and Criminal Procedure or the Local Rules), along with a copy of the ECF handout received by the filer at the time of opening the case which contains information necessary for registration.  If the person so served is permitted or required to respond to the document, such time to respond shall be computed without regard to ECF. The person shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the person is a registered ECF User pursuant to Section II.D above, the responsive document shall be filed electronically.  If the defendant is unable to electronically file the responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the responsive document in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site,  for attachment to docket entries previously made by the Clerk's Office.

D. Service of the Court's Orders.  Orders filed by the court in cases designated for electronic filing will be served only via the email Notice of Electronic Filing.  No paper service will be made by the court.

EXHIBIT 3 PAGE 70

# EXHIBIT 3
## 2 of 2

X.    Signatures.

A document filed with the court electronically shall be deemed to be signed by a person (the "Signatory") when the document identifies the person as a Signatory and the filing complies with either subparagraph A or B. Any filing in accordance with any of these methods shall bind the Signatory as if the document were physically signed and filed, and shall function as the Signatory's signature, whether for purposes of Rule 11 of the Federal Rules of Civil Procedure, to attest to the truthfulness of an affidavit or declaration, or for any other purpose.

All orders, decrees, judgments, and proceedings of the court will be filed in accordance with these rules which will constitute entry on the docket kept by the clerk under Federal Rules of Civil Procedure 58 and 79 and Federal Rules of Criminal Procedure 49 and 55. All signed orders will be filed electronically by the court or court personnel. Any order filed electronically without the original signature of a judge has the same force and effect as if the judge had affixed the judge's signature to a paper copy of the order and it had been entered on the docket in a conventional manner.

A. ECF Users. In the case of a Signatory who is an ECF User, such document shall be deemed signed, regardless of the existence of a physical signature on the document, provided that such document is filed using the User ID and Password of the Signatory.

B. Others. In the case of a Signatory who is not an ECF User, or who is an ECF User but whose User ID and Password will not be utilized in the electronic filing of the document, as in the case of documents requiring multiple signatures, the filer of the document shall list thereon all the names of any other signatory or signatories. The filer shall attest that concurrence in the filing of the document has been obtained from each of the other signatories, or from the single signatory (in the case, e.g., of a declaration) which shall serve in lieu of their signature(s) on the document. The filer's attestation may be incorporated in the document itself, or take the form of a declaration to be attached to the document. The filer shall maintain records to support this concurrence for subsequent production for the court if so ordered or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any). The filer may attach a scanned image of the signature page(s) of the document being electronically filed in lieu of maintaining the paper record for subsequent production if required.

C. Criminal Cases. Any document signed by a criminal defendant shall be scanned in its entirety to insure that an image of the defendant's signature is visible in the filing, notwithstanding the provisions of Section VI.B. Any document with multiple signatories in a criminal case shall be scanned in its entirety. Certain documents which may be used by other agencies shall be scanned in their entirety to include images of the signatures; a list of such documents will be found on the ECF web site.

XI.    Record on Appeal.

EXHIBIT 3 PAGE 71

Until such time as the United States Courts of Appeals for the Ninth Circuit and the Federal Circuit institute rules and procedures to accommodate Electronic Case Filing, notices of appeal to those courts shall be filed, and fees paid, in the traditional manner on paper rather than electronically. All further documents relating to the appeal shall be filed and served in the traditional manner as well. Appellant's counsel shall provide paper copies of the documents that constitute the record on appeal to the District Court Clerk's Office.

XII.    Access to Rules.

These policies, as well as operational guidelines and instructions, shall be posted on the ECF web site and may be published in official legal newspapers in this district. Any amendments to ECF procedures shall be similarly published.

ADOPTED:  12/15/98                      FOR THE COURT:
AMENDED: 1/16/01
AMENDED: 2/12/02
AMENDED: 4/8/03
AMENDED: 11/18/04                       /s/ Vaughn R Walker
                                        _____
                                        United States District Chief Judge

EXHIBIT __3__ PAGE __72__

OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK

280 SOUTH FIRST STREET
SAN JOSE, CA. 95113
408-535-5364

# NOTICE OF ELECTRONIC AVAILABILITY
# OF CASE FILE INFORMATION

The Office of the Clerk is now accepting many electronically filed documents and making the content of these documents available on the court's Internet website via PACER. Any subscriber to PACER will be able to read, download, store and print the full content of electronically filed documents. The Clerk's Office will not make electronically available documents that have been sealed or otherwise restricted by court order.

In response to the increased online accessibility of court documents, the judges of the Northern District recently adopted General Order No. 53, a copy of which is attached.

Counsel are strongly urged to share a copy of General Order No. 53 with all clients so that an informed decision about the inclusion, redaction and/or exclusion of certain materials may be made. It is the sole responsibility of counsel and the parties to be sure that all documents comply with General Order No. 53. The clerk will not review documents for redaction.

EXHIBIT___3___PAGE___73___

GENERAL ORDER NO. 53

PRIVACY

A. **Personal Identifiers.**

In compliance with the policy of the Judicial Conference of the United States and the E-Government Act of 2002 (PL 107-347), and in order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, parties must refrain from including, or must redact where inclusion is necessary, the following personal data identifiers from all pleadings and other papers filed with the Court in civil actions, including exhibits thereto, whether filed electronically or in paper , unless otherwise ordered by the Court, pursuant to B., below.

> 1. **Social Security numbers.** If an individual's social security number must be included in a pleading or other paper, only the last four digits of that number should be used.
>
> 2. **Names of minor children.** If the involvement of a minor child must be mentioned, only the initials of that child should be used.
>
> 3. **Dates of birth.** If an individual's date of birth must be included in a pleading or other paper, only the year should be used.
>
> 4. **Financial account numbers.** If financial account numbers are relevant, only the last four digits of these numbers should be used.

B. **Filing.**

In compliance with the E-Government Act of 2002, a party wishing to file a document containing the personal data identifiers listed above may file an unredacted document under seal by following the procedures prescribed in Civil L.R. 79-5. This document shall be retained by the Court as part of the record. The party must file a redacted copy for the public file.

C. **Responsibility.**

The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk will not review each pleading or other paper for compliance with this general order.

ADOPTED BY THE COURT: May 21, 2002      FOR THE COURT:
AMENDED: April 15, 2003

/S/  Marilyn Hall Patel
Marilyn Hall Patel
Chief Judge

EXHIBIT __3__ PAGE __74__

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:  (A) _____

as   (B) _____ of (C) _____

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E) _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the
enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the
complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the
date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope
(or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be
served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will
not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice
is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service
in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask
the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that
connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set
forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of _____, _____.

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A - Name of individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

EXHIBIT___3___ PAGE_75

AO 399  (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _____ ,
(CAPTION OF ACTION)

which is case number _____ in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a
means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this
lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process
in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or
to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the
service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)
if an

answer or motion under Rule 12 is not served upon you within 60 days
after _____ ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.


_____        _____
(DATE)                          (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                         (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.


EXHIBIT 3   PAGE 76

INSTRUCTIONS FOR COMPLETION OF ADR FORMS
REGARDING SELECTION OF AN ADR PROCESS
(ADR LOCAL RULE 3-5)

Under ADR Local Rule 3-5, by the date set forth in the Initial Case Management Scheduling Order, counsel (and any self-represented party) shall meet and confer to attempt to agree on an ADR process. By that date, counsel must file the attached form entitled "ADR CERTIFICATION BY PARTIES AND COUNSEL." Please note that this form need not be filed jointly by all parties. Instead, each party may file a separate ADR CERTIFICATION along with their counsel.

Additionally, counsel (and any self-represented party) must jointly file one of the following forms (attached) by the date set forth in the Initial Case Management Scheduling Order:

- If the parties have agreed to participate in non-binding arbitration, Early Neutral Evaluation ("ENE"), mediation or private ADR, they shall file the form captioned "STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS."

- If the parties either have not yet reached an agreement as to an ADR process or they would prefer to participate in an early settlement conference before a Magistrate Judge, they shall file the form captioned "NOTICE OF NEED FOR ADR PHONE CONFERENCE ."

Please note that parties selecting an early settlement conference with a Magistrate Judge are required to participate in an ADR Phone Conference

Rev. 12/05

EXHIBIT___3___ PAGE ___77___

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

_____,
                    Plaintiff(s),

          v.

_____,
                    Defendant(s).
_____ /

CASE NO. _____

ADR CERTIFICATION BY PARTIES
AND COUNSEL

Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5 (b), each of the undersigned certifies that he or she has:

(1) Read the handbook entitled "*Dispute Resolution Procedures in the Northern District of California*" on the Court's ADR Internet site www.adr.cand.uscourts.gov *(Limited printed copies are available from the clerk's office for parties in cases not subject to the court's Electronic Case Filing program (ECF) under General Order 45);*

(2) Discussed the available dispute resolution options provided by the Court and private entities; and

(3) Considered whether this case might benefit from any of the available dispute resolution options.

Dated:_____

_____
[Party]

Dated:_____

_____
[Counsel]

When filing this document in ECF, please be sure to use the ADR Docket Event entitled "ADR Certification (ADR L.R. 3-5b) of Discussion of ADR Options."

Rev. 12/05

EXHIBIT _3_ PAGE _78_

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

_____,
                    Plaintiff(s),

            v.

_____,
                    Defendant(s).
_____/

CASE NO. _____

STIPULATION AND [PROPOSED]
ORDER SELECTING ADR PROCESS

Counsel report that they have met and conferred regarding ADR and have reached the following stipulation pursuant to Civil L.R. 16-8 and ADR L.R. 3-5:

The parties agree to participate in the following ADR process:

**Court Processes:**
☐    Non-binding Arbitration (ADR L.R. 4)
☐    Early Neutral Evaluation (ENE)   (ADR L.R. 5)
☐    Mediation (ADR L.R. 6)

*(Note: Parties who believe that an early settlement conference with a Magistrate Judge is appreciably more likely to meet their needs than any other form of ADR must participate in an ADR phone conference and may not file this form. They must instead file a Notice of Need for ADR Phone Conference. See Civil Local Rule 16-8 and ADR L.R. 3-5)*

**Private Process:**
☐    Private ADR *(please identify process and provider)* _____

_____

The parties agree to hold the ADR session by:
☐    the presumptive deadline *(The deadline is 90 days from the date of the order referring the case to an ADR process unless otherwise ordered.)*

☐    other requested deadline _____

Dated:_____                          _____
                                           Attorney for Plaintiff

Dated:_____                          _____
                                           Attorney for Defendant

When filing this document in ECF, please be sure to use the appropriate ADR Docket Event, e.g., "Stipulation and Proposed Order Selecting Early Neutral Evaluation."

EXHIBIT__3__ PAGE__79__

[PROPOSED] ORDER

Pursuant to the Stipulation above, the captioned matter is hereby referred to:
- ☐     Non-binding Arbitration
- ☐     Early Neutral Evaluation (ENE)
- ☐     Mediation
- ☐     Private ADR

Deadline for ADR session
- ☐     90 days from the date of this order.
- ☐     other _____

IT IS SO ORDERED.

Dated:_____          _____

                                        UNITED STATES DISTRICT JUDGE

EXHIBIT  3  PAGE  80

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

_____,                    CASE NO. _____
                    Plaintiff(s),

            v.                                NOTICE OF NEED FOR ADR PHONE
                                              CONFERENCE

_____,
                    Defendant(s).
_____/


Counsel report that they have met and conferred regarding ADR and that they:

☐    have not yet reached an agreement to an ADR process
☐    request an Early Settlement Conference with a Magistrate Judge

Date of Case Management Conference _____

The following counsel will participate in the ADR phone conference:

Name            Party Representing        Phone No.        E-Mail Address

_____

_____

_____


*Civil Local Rule 16-8 and ADR Local Rule 3-5 require that lead trial counsel participate in a*
*telephone conference with a member of the ADR Legal Staff before the Case Management*
*Conference. The ADR Unit (adr@cand.uscourts.gov) will notify you of the date and time of your*
*phone conference.*

Dated:_____                            _____
                                             Attorney for Plaintiff


Dated:_____                            _____
                                             Attorney for Defendant


When filing this document in ECF, please be sure to use the ADR Docket Event entitled
"Notice of Need for ADR Phone Conference (ADR L.R. 3-5 d)."


Rev. 12/05                          EXHIBIT 3  PAGE 81

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

---

### ORDER OF THE CHIEF JUDGE

---

IN RE: ELECTRONIC FILING IN CASES WITH UNREPRESENTED PARTIES

When the Electronic Case Filing (ECF/e-filing) program was established for civil cases in January 2003 (see generally General Order 45), the court's practice was to exclude from the e-filing program cases in which any party was not represented by an attorney. Pursuant to Part III of General Order 45, the court's ECF webpage provided: "All cases involving pro se parties are excluded from the e-filing program and must be filed entirely in paper, unless otherwise ordered by the court."

Effective immediately, cases with unrepresented party litigants in which at least one party is represented by an attorney will no longer be excluded from the e-filing program. All *represented* parties will e-file their submissions to the court on the same basis as in cases not involving pro se litigants and in compliance with all parts of General Order 45. *Represented* parties will be required to serve paper copies by mail on *unrepresented* parties only. As before, unrepresented litigants will continue to file and serve all submissions to the court in paper form unless prior leave is obtained from the assigned judge in a particular case.

IT IS SO ORDERED.

Date: May 11, 2007

Vaughn R Walker
United States District Chief Judge

EXHIBIT 3 PAGE 82

PROOF OF SERVICE - STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange; I am over the age of eighteen years and not a party to the within entitled action; my business address is 650 Town Center Drive, 4th Floor, Costa Mesa, California 92626-1993.

On **April 3, 2008**, I served the following document(s) described as **DEFENDANT FRY'S ELECTRONICS, INC.'S CERTIFICATE OF SERVICE** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Peter K. Levine, Esq
Law Offices of Peter K. Levine
5455 Wilshire Boulevard, Suite 1250
Los Angeles, CA 90036
Tel: (323) 934-1234
Fax: (323) 934-1230

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 714-513-5130. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **April 3, 2008**, at Costa Mesa, California.

*Patricia A McGraw*

Patricia A. McGraw