SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
MATTHEW M. SONNE, Cal. Bar No. 239110
rsimmons@sheppardmullin.com
msonne@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:  714-513-5100
Facsimile:   714-513-5130

Attorneys for Defendant
FRY'S ELECTRONICS, INC.

LAW OFFICES OF PETER K. LEVINE
Peter K. Levine, Cal. Bar No. 113672
Albert J. Gopin, Cal. Bar No. 65978
peter@peterlawfirm.com
5455 Wilshire Boulevard, Suite 1250
Los Angeles, CA 90036
Telephone:  (323) 934-1234
Facsimile: (323) 934-1230

Attorneys for Plaintiffs
MANUEL RUBIO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL RUBIO, et al. | Case No.:  C 08-01799-RMW |
| Plaintiffs, | |
| vs. | **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| FRY'S ELECTRONICS, INC., et al. | |
| Defendants. | |

In accordance with Civil Local Rules ("L.R.") 16-9, the parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order

1  and request that this Court adopt it as the Case Management Order in this case.

2  Unless otherwise indicated, all time frames referenced herein refer to calendar days.

3

4      1.    **Jurisdiction and Service**.

5      This action was originally filed in the Superior Court of State of California for

6  the County of Santa Clara (Case No. 108CV-106994).  All named parties have been

7  served and answered the Complaint.  The parties are not aware of any issues with

8  regard to personal jurisdiction or venue.  Plaintiffs are not currently aware of the

9  names or capacities of any Doe Defendants, but will add and serve any such

10 Defendants promptly upon discovering their identities.  Defendant reserves the right

11 to challenge any such proposed amendments.

12     On April 3, 2008, Defendant filed Notice Of Removal of Action To United

13 States District Court, claiming the Third Cause of Action arises under federal law

14 (Fair Labor Standards Act) and the Third, Fifth, Sixth and Seventh Causes of Action

15 are preempted by the Employee Retirement Income Security Act of 1974

16 ("ERISA").

17     Plaintiffs have proposed that the parties stipulate to a dismissal of the Third

18 Cause of Action without prejudice, and with each party to bear its own legal fees

19 and costs.  Defendant has indicated that it would consider the stipulation once

20 received.

21     Thereafter, the Plaintiffs intend to challenge the court's subject-matter

22 jurisdiction upon dismissal of the Third Cause of Action.  Plaintiffs intend to file a

23 Motion To Remand the entire remaining Action to the Superior Court of the State of

24 California for the County of Santa Clara.  Plaintiffs contend that federal law under

25 ERISA is relevant only as a defense to obligations created by state law and there is

26 no complete preemption.  Defendant contends this Court has subject-matter

27

28

1  jurisdiction over the remaining causes of action under the Employee Retirement

2  Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et. seq.

3        Defendant also maintains that each named Plaintiff signed a valid and

4  enforceable "Agreement to Arbitrate Disputes Regarding Employment" (the

5  "Agreement").  Defendant has proposed that the parties stipulate that this action be

6  referred to binding arbitration in accordance with the Agreement.  The

7  enforceability of the Agreements will have a significant impact on where and how

8  the claims are prosecuted.  Plaintiffs are not in a position to stipulate to binding

9  arbitration at this time.  Plaintiffs' counsel just recently received copies of the

10  Agreements on July 3, 2008, and are in the process of reviewing them to determine

11  in their opinion whether they are enforceable under California law and, even if

12  enforceable, if they believe that justice for the class will be better served if the

13  matter remains in the court system.  Defendant contends that the agreements are

14  enforceable and that this matter should be stayed and referred to binding arbitration.

15        Plaintiffs contend, however, that regardless of the validity of the Arbitration

16  Agreements, the action should be remanded to State court.  Defendant contends that

17  federal question jurisdiction exists under both the Fair Labor Standards Act as well

18  as ERISA, so federal question jurisdiction exists even if Plaintiffs were to dismiss

19  their FLSA claims.

20        The law firm of Spiro Moss Barness will be associating in as Plaintiffs' co-

21  counsel in this matter.  Spiro Moss Barness recently filed a putative class action in

22  the Los Angeles Superior Court, which was removed to federal court (the plaintiff is

23  Maria Galindo).  The parties briefed the remand issue in the *Galindo* case, in

24  response to an OSC issued by the court.  Plaintiffs' position is that the Court **did not**

25  rule on the remand issue although it subsequently set a trial date for March 3, 2009.

26  The parties then agreed to dismiss *Galindo* for reasons unrelated to the remand

27  issue.

28

1    Defendant's position is that the plaintiff Maria Galindo alleged nearly

2 identical claims for unpaid vacation as do Plaintiffs in this case.  Defendant notes

3 that after the parties fully briefed the remand issue, the district court **did not** remand

4 the case as plaintiff had requested.  Defendant also notes that plaintiff Galindo

5 agreed to dismiss her separate individual action against Fry's regarding other

6 employment-related issues in exchange for a waiver of fees, costs, and monetary

7 sanctions that were already imposed against her by the Los Angeles Superior Court.

8

9    2.    <u>Facts</u>.

10        A.    **Plaintiffs' Statement**

11    The parties are not yet in a position to identify all of the principal

12 factual issues in dispute.  However, this is a class action brought by current and

13 former employees of defendant Fry's Electronics, Inc. ("Fry's"), alleging, among

14 other things, that Fry's is violating California Labor Code, §227.3 wage and hour

15 laws by failing to pay terminated employees their earned and unused vacation time

16 upon termination of their employment.  One component of Fry's paid vacation

17 policy requires covered employees to use or lose their earned vacation, contrary to

18 California law.  The policy also provides, contrary to public policy and California

19 law, "cliff" vesting of vacation (e.g., that is, if an employee is not employed on a

20 certain date, he or she does not receive a pro rata share of the vacation earned prior

21 to his or her separation from employment).  California law regarding vacation pay

22 may be preempted if Fry's complied fully with certain requirements of ERISA.  But

23 plaintiffs contend and expect to prove that Fry's failed to so comply and is not

24 entitled to the federal preemption leaving California law intact.

25    The Complaint also alleges that employees who worked over forty hours in a

26 week or over eight hours in a day did not receive the proper overtime pay rate.

27 More specifically, and without limitation, it is plaintiffs' contention that the 50%

28

overtime enhancement was not applied to commission payments earned as is required by California law.  Plaintiffs also assert that Fry's failed to timely pay all wages due at time of separation, in violation of California law, entitling plaintiffs to waiting time penalties.

Certain employees were required to purchase shirts from Fry's bearing a corporate logo and were not indemnified for the expense of the shirts.

## B.    Defendant's Statement

On July 25, 1988, Fry's established a vacation benefits plan dedicated expressly to the purpose of providing vacation benefits for Fry's eligible employees in accordance with ERISA.  The plan was established in accordance with ERISA, comports with all of ERISA's technical disclosure and reporting requirements, maintains a separate trust that contains substantial assets that are segregated from Fry's general assets, and pays vacation benefits to employees from this separate trust's assets.  Indeed, the sole source of vacation benefits for Fry's California employees is through Fry's valid ERISA Plan.  Because Fry's plan is exclusively governed by ERISA, and ERISA completely preempts state laws that relate to covered employee benefit plans, including Plaintiffs' vacation pay claims in the instant lawsuit, they fail as a matter of law.

Plaintiffs' overtime claims are similarly unfounded.  At all times, Fry's complied with all applicable state and federal wage and hour laws, including overtime and final pay requirements.  Further, Fry's has never required its employees to purchase any customized shirts bearing a corporate logo, and has at all times complied with California Labor Code section 2802.

**3**.    <u>**Legal Issues**</u>.

**A.    Plaintiffs' Statement**

The parties are not yet in a position to identify all of the principal legal issues in dispute. However, it is clear that the parties will dispute at least the following legal issues: (1) whether a class should be certified in this action; (2) whether the remaining causes of action after dismissal of the third cause of action should be remanded to the State court; (3) whether or not Fry's provision of vacation benefits through a Voluntary Employees' Beneficiary Association Trust (the "Plan") constitutes a bona fide employee welfare plan or a "payroll practice" within the meaning of 29 C.F.R. § 2510.3-1(b); and (4) whether the plaintiffs should be compelled to arbitrate their claims pursuant to the Agreements recently produced by Fry's counsel on or about July 3, 2008.

**B.    Defendant's Statement**

Numerous reasons exist to deny class certification in this case. First, the proposed class is not ascertainable and many members of the proposed classes have no plausible cause of action. Second, individualized determinations regarding each putative class member will be necessary to evaluate every aspect of their claims for overtime, final pay, waiting time penalties, paystub violations, indemnification, and vacation pay. In fact, the applicable exemptions must be determined for each individual on a week-by-week basis. The Plaintiffs therefore cannot establish that common issues of law or fact predominate. Third, the Plaintiffs are neither typical nor adequate, and cannot satisfy the superiority requirements. As determined in <u>Dunbar v. Albertson's, Inc.</u>, 141 Cal.App.4th 1422 (2006), the Division of Labor Standards Enforcement and other avenues of relief are superior for these types of claims.

As discussed <u>supra</u>, which is not an exhaustive list, Fry's has numerous defenses on the merits to Plaintiffs' individual claims.

**4**.    **Motions**.

Plaintiffs plan to file a motion to remand to state court the remaining claims, after dismissal of the third cause of action.  Plaintiffs believe this action is maintainable as a class action and anticipate filing a motion for certification once the issue of arbitration is resolved.  Defendant will oppose any motion to remand the case.  Further, Defendant contends that this action lacks the class action prerequisites:  commonality, typicality, adequacy, and superiority.  Plaintiffs are still evaluating the enforceability of the arbitration agreements, which may also be the subject of a motion.  Defendant intends to bring a motion to compel arbitration if plaintiffs will not stipulate to arbitration.  Defendant may bring motions for judgment on the pleadings, summary judgment or summary adjudication at an appropriate time after sufficient discovery has been taken.

**5**.    **Amendment Of Pleadings**.

Plaintiffs are amending the pleadings to include a claim under California's Private Attorney General Act of 2004 following exhaustion of the administrative requirements for doing so.  Defendant will oppose this amendment.

**6**.    **Evidence Preservation**.

The parties have exchanged assurances of evidence preservation, and engaged in discussions regarding evidence preservation efforts.  The parties discussed their obligation to preserve evidence, including electronically stored information.  The parties intend to meet and confer regarding a proposed protective order.

**7**.    **Disclosures**.

The parties have agreed to make the disclosures required by Rule 26, Federal Rules of Civil Procedure.  The parties agree to meet and confer on the appropriate

schedule for these disclosures.  If the parties cannot reach an agreement, the parties intend to follow the schedule set forth in the Federal Rules of Civil Procedure and make their disclosures within fourteen days of the case management conference.

Plaintiffs have requested that defendant produce all documents relating to the Voluntary Employees' Beneficiary Association Trust (the "Plan"), including but not limited to the plan/trust documents and documents showing it's an enforceable plan, as well as copies of each plaintiff's personnel file.  Defendant is considering the requests.

**8**.     **Discovery**.

During the conference, plaintiffs' counsel asserted their intention to file a motion to remand the remaining claims to the State Court, and Defendant contended that there is a valid arbitration agreement.  Thus, it is premature for the parties to formulate a discovery plan in light of these pending issues.  However, pending the determination on these issues, the parties intend to pursue all discovery methods available under the Federal Rules of Civil Procedure.

**9**.     **Class Actions**.

In light of defendant's recent claim that the parties signed an agreement to arbitrate disputes regarding employment, the parties believe it is premature to propose how and when the class will be certified until such time as the remand and arbitration issues are decided.  Defendant contends that this action is not suitable for class nor collective action treatment.

10.   **Related Cases.**

A.   **Plaintiffs' Statement**

There are two known related cases; one is *Galindo v. Fry's Electronics, Inc*, Case No. CV 08 2678 in the United States District Court, Central District of California, which has settled on an individual basis and will be dismissed shortly.

Two other state cases have been filed which arguably involve the same issues and rights as the within case.  One case was filed in Orange County Superior Court, Case No. 06CC00059 (name unknown to plaintiffs' counsel) and the second was filed in Santa Clara Superior Court, Case No. 106CV06112, name unknown to plaintiffs' counsel but hereinafter referred to as *Lopez v. Fry's*.  These cases were submitted to JAMS Class Action Arbitration Procedures, before the Hon. William J. Cahill, Arbitrator.  The arbitration resulted in a proposed settlement and a notice of class action settlement has been mailed to the relevant members of the class. Matthew Sonne, of the law firm of Sheppard, Mullin, Richter & Hampton represents Fry's in these two state cases.  As an aside, plaintiffs want this court to know that they just learned about the Lopez v. Fry's cases on the morning of July 15, 2008 from one of the plaintiffs in this case receiving the notice of settlement in his mailbox.  As of 4:00 p.m. on yesterday's date, counsel for Fry's denied there were any related cases (other than *Galindo*) required to be disclosed under Local Rule 3.12.

Plaintiffs' counsel intend to vigorously and promptly investigate what effect, if any, the *Lopez* cases have on the present pending case.

B.   **Defendant's Statement**

Defendant does not believe that the aforementioned cases constitute "related cases" under L.R. 3-12.

1    **11**.    **Relief.**

2        Plaintiffs seek injunctive relief, restitution, statutory waiting time penalties,

3    earned overtime wages, indemnification, attorney fees, prejudgment interest, costs,

4    and damages to be proved at trial, as well as class certification.  Defendant will

5    oppose all such requests for relief and have asserted various affirmative defenses.

6        The parties believe it is premature to discuss the specific relief in light of the

7    outstanding disputed issues concerning remand and arbitration.

8

9    **12**.    **Settlement and ADR.**

10    **A.    Plaintiffs' Statement**

11        On July 3, 2008, defendant sent plaintiffs' counsel "Agreement to Arbitrate

12    Disputes Regarding Employment" executed by each plaintiff.  Plaintiffs are

13    reviewing the Agreements to determine whether they are enforceable under

14    California law.  The parties are discussing Fry's obligation to pay for the arbitration,

15    as well as whether the arbitrator has jurisdiction to certify and hear class action

16    claims.

17        The parties are also discussing proposals for mediation.  However, plaintiffs

18    believe substantial discovery into defendant's Plan, wage and hour records, and

19    overtime and commission policies, among other matters, are necessary prior to

20    engaging in meaningful mediation.

21    **B.    Defendant's Statement**

22        At the early meeting of counsel, counsel for both parties discussed the

23    possibility of stipulating to arbitration, preceded by early mediation.  Plaintiffs'

24    counsel indicated that if Defendant would agree not to argue that the arbitration

25    agreements that all Plaintiffs signed contained an implied class action waiver, and

26    also agreed to pay for the costs of the arbitrator, Plaintiffs would most likely agree

27    to stipulate to arbitration.  On July 15, 2008, Defendant agreed to those terms.

28

1  Plaintiffs subsequently said that they were not prepared to stipulate at that time, but
2  would advise Defendant before the July 25, 2008 Case Management Conference of
3  their decision.

4      **13**.    **Consent To Magistrate For All Purposes.**

5      On May 1, 2008 this case was reassigned to the present court following
6  Defendant's objection to assignment of a Magistrate Judge.

7

8      **14**.    **Other References.**

9      Defendant is seeking binding arbitration based on the "Agreement to
10 Arbitrate Disputes Regarding Employment" executed by each plaintiff.  Plaintiffs
11 are reviewing the legality of the Agreements, and discussing the request for
12 arbitration with defense counsel.  Plaintiffs believe it is premature to stipulate to
13 binding arbitration, but have indicated that they will advise Defendant of their
14 decision prior to the Case Management Conference.

15

16     **15**.    **Narrowing Of Issues.**

17     The parties believe it is premature to narrow issues until the remand and
18 arbitration issues  are resolved.  Plaintiffs believe substantial discovery into Plan and
19 wage and hour records are necessary prior to narrowing of issues.

20

21     **16**.    **Expedited Schedule.**

22     The parties believe this is not the type of case that can be handled on an
23 expedited basis.  There will be extensive law and motion and discovery issues.

24

25     **17**.    **Scheduling.**

26     Both parties believe it is premature to schedule any dates until the motion to
27 remand and enforcement of the arbitration agreement issues are decided.

28

1    **18.   Trial.**

2    Plaintiffs have requested a trial by Jury.  However, the parties believe it is

3    premature to schedule any dates until after the anticipated motion to remand and

4    defendant's motion to compel arbitration, should the parties not agree to proceed to

5    arbitration by way of stipulation.

6

7    **19.   Disclosure of Non-party Interested Entities or Persons.**

8    Pursuant to Local Rule 3-16, the parties certify that as of this date, other than

9    the named parties, there is no such interest to report.

10

11   **20.   Other Matters Any Party Considers Conducive To The Just,**

12   **Speedy, and Inexpensive Determination of this Action.**

13   The parties will continue to meet and confer and will try to work with each

14   other to resolve this case.

15

16   July 17, 2008

17                                        Peter K. Levine, Esq.

18                                        Albert J. Gopin, Esq.
                                         5455 Wilshire Blvd., Suite 1250
19                                        Los Angeles, CA 90036
                                         Tel. (323) 934- 1234
20                                        Fax (323) 934-1230
                                         *Attorneys for Plaintiffs*
21

22

23

24

25

26

27

28

W02-WEST:3MMS1\400942971.1                    -12-

July 17, 2008                          Sheppard Mullin Richter & Hampton, LLP


                                       By: _____
                                            Matthew M. Sonne, Esq.
                                            650 Town Center Drive
                                            4th Floor
                                            Costa Mesa, CA 92626
                                            Tel. (714) 513-5100
                                            Fax (714) 513-5130
                                            *Attorneys For Defendant*

1

CASE MANAGEMENT ORDER

2

3     The Management Statement and Proposed Order is hereby adopted by the

4 Court as the Case Management Order for the case and the parties are ordered to

5 comply with this order.

6

7 Dated: July ____ , 2008          _____

8                                  Hon. Judge Ronald M. Whyte
                                   UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28